**Gertrude E. REYNOLDS,**
**Plaintiff-Appellant,**

v.

**SECRETARY OF HEALTH AND**
**HUMAN SERVICES,**
**Defendant-Appellee.**

No. 82–1197.

United States Court of Appeals,
Sixth Circuit.

Argued March 23, 1983.

Decided May 27, 1983.

Paul S. Davis (argued), Timothy M. Vogel, Legal Aid of Central Michigan, Lansing, Mich., for plaintiff-appellant.

John A. Smietanka, U.S. Atty., Robert C. Greene, Phillip Morse, Asst. U.S. Attys., Grand Rapids, Mich. (argued), for defendant-appellee.

Before MARTIN and JONES, Circuit Judges, and BROWN, Senior Circuit Judge.

PER CURIAM.

The Secretary of Health and Human Services has determined that, as a matter of law, a widow is unable to engage in "any gainful activity," the standard which must be met by one seeking widow's disability benefits, only if she can prove, among other things, that she suffers from a disability identical or medically equivalent to certain

designated impairments listed in regulations promulgated by the Secretary. Gertrude Reynolds, an unsuccessful claimant for widow's benefits, disputes the validity of the Secretary's regulations. She argues, principally, that the regulations bear no rational relationship to the statutory standard because absence of a given impairment or its equivalent is not conclusive proof that one is not disabled from engaging in some gainful activity. Finding the Secretary's regulations valid, and their application to the facts of Reynolds' case supported by substantial evidence, we affirm.

Reynolds, widowed in 1979, was the wife of a fully-insured wage earner. On June 8, 1979, she filed applications for supplemental security income benefits, 42 U.S.C. § 1381, and widow's disability insurance benefits, 42 U.S.C. § 402(e). Both claims were denied. After review de novo, an administrative law judge awarded supplemental income benefits but denied widow's benefits. As to the latter, the judge found that Reynolds' impairments did not match, nor were they equivalent to, the impairments published in the Secretary's listing. Therefore, he concluded that Reynolds had failed to prove her inability to engage in "any gainful activity." The judge's decision was approved by the Appeals Council and became the final decision of the Secretary on June 8, 1980. That decision was affirmed by the district court.

Section 402(e) and, by reference, section 423(d)(2)(B) of Title 42, 42 U.S.C. §§ 402(e) and 423(d)(2)(B), provide for benefit payments to disabled widows of fully-insured wage earners but condition entitlement to such benefits upon the widow's ability to satisfy a stricter standard than that set for awards of supplemental security income benefits. Whereas receipt of the latter depends upon proof of an inability to engage in "any *substantial* gainful activity," 42 U.S.C. § 423(d)(2)(A) (emphasis added), a claimant for widow's disability benefits must prove inability to engage in "any gainful activity," substantial or otherwise. See 42 U.S.C. § 423(d)(2)(B);[1] *Wokojance v. Weinberger,* 513 F.2d 210 (6th Cir.1975), *cert. denied,* 423 U.S. 856, 96 S.Ct. 106, 46 L.Ed.2d 82 (1976).

By its own terms, section 423(d)(2)(B) authorizes the Secretary to determine to what level of severity an alleged disability must rise before it will be deemed to preclude the ability to engage in any gainful activity. The Secretary has exercised that authority by listing those impairments which, if they or their equivalents are shown to be present in an individual claimant's case, will serve as conclusive proof of disability as defined in section 423(d)(2)(B).[2] Moreover, by 20 C.F.R. § 404.1516 (1980), the Secretary established that such determinations were to be made solely upon the basis of medical evidence.[3]

---

1. Section 423(d)(2)(B) provides:

   (B) A widow, surviving divorced wife, or widower shall not be determined to be under a disability (for purposes of section 402(e) or (f) of this title) unless his or her physical or mental impairment or impairments are of a level of severity which *under regulations prescribed by the Secretary* is deemed to be sufficient to preclude an individual from engaging in *any gainful activity.*
   (emphasis added).

2. 20 C.F.R. § 404.1515 (1980) provides:

   A widow or widower shall, for purposes of section 202(e) or (f) of the Act, be determined to be under a disability only if, in the absence of evidence that he or she is engaged in substantial gainful activity—
   (a) His or her impairment or impairments meet the duration requirement in § 404.1501 and are listed in the appendix to this subpart; or

   (b) His or her impairment or impairments are not listed in the appendix to this subpart, but singly or in combination meet the duration requirement in § 404.1501 and are determined by the Secretary to be medically the equivalent of a listed impairment.
   Such an individual shall not be found under a disability, however, where he or she is engaged in substantial gainful activity.
   Obviously, in addition to proving an impairment or its equivalent, the claimant must also meet the durational requirement and prove that she is not engaged in any substantial gainful activity.

3. 20 C.F.R. § 404.1516 (1980) provides:

   (a) An individual's impairment or impairments shall be determined to be medically the equivalent of an impairment listed in the appendix to this Subpart P, only if the medical findings with respect thereto are at least

■ Turning then to Reynolds' case, we preliminarily note that she is not contesting the constitutionality of Congress' establishment of a stricter eligibility standard for widow's benefits than that established for other types of supplemental income payments. *See Wokojance,* 513 F.2d at 213. Rather, her legal argument here is strictly limited to the question of whether the disability standards reflected in the Secretary's regulations bear a rational relationship to the Congressional directive. We think they do. *Accord Sullivan v. Weinberger,* 493 F.2d 855, 862 (5th Cir.1974), *cert. denied,* 421 U.S. 967, 95 S.Ct. 1958, 44 L.Ed.2d 455 (1975); *Zanoviak v. Finch,* 314 F.Supp. 1152, 1156 (D.C.Pa.1970); *Gillock v. Richardson,* 322 F.Supp. 354 (D.C.Kan.1970). *Cf. Walker v. Richardson,* 339 F.Supp. 772 (W.D.Mo.1972). *But see Mental Health Association, et al. v. Schweiker,* 554 F.Supp. 157 (D.C.Minn.1982).

Congress has clearly delegated to the Secretary the power to enact regulations consistent with the stringent standards of section 423(d)(2)(B). *See* S.Rep. No. 744, 90th Cong., 1st Sess. 49–50, 1967 U.S.Code Cong. & Admin.News pp. 2834, 2883; H.R.Rep. No. 544, 90th Cong., 1st Sess. 27, 31. This Congress may do. *United States v. Rock Royal Co-op,* 307 U.S. 533, 59 S.Ct. 993, 83 L.Ed. 1446 (1938). While the "regulations, in order to be valid, must be consistent with the statute under which they are promulgated," *United States v. Larionoff,* 431 U.S. 864, 873, 97 S.Ct. 2150, 2156, 53 L.Ed.2d 48 (1977), deference is, and should be, accorded to the Secretary's expertise in this area. *See Sullivan v. Weinberger,* 493 F.2d 855, 860 (5th Cir.1974).

This is not a situation where concern for administrative efficiency has led to elevation of form over substance. That the Secretary's primary concern was, as directed by Congress, the severity of the impairment and not its label is amply demonstrated by his inclusion of the equivalency provision in 20 C.F.R. 404.1515. It provides claimants like Reynolds ample opportunity to prove that the particular disability, while not identical to one or more of the listed infirmities, is nevertheless of sufficient severity to render them disabled within the contemplation of the Act.

■ Finding the regulations valid, we next consider whether the Secretary's decision is supported by substantial evidence. *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Floyd v. Finch,* 441 F.2d 73 (6th Cir.1971). The evidence considered by the administrative law judge showed that Reynolds, at the time of application, was a fifty-four-year-old woman with an eighth-grade education. A host of breast surgeries for benign cysts had left her with pain and dysfunction in her arms and numbness in her hands. Added to her breast-related problems were problems with her back and right knee. Reynolds' treating physician found she was unable to drive a car or to lift objects. A second physician, whose examination was performed at the Secretary's request, concluded that she was capable of performing work that did not involve heavy lifting and required only limited bending and stooping. Considering this evidence and the testimony of vocational experts to the effect that Reynolds would be unable to engage in any work existing in significant quantity in Michigan, the administrative law judge concluded that she was

equivalent in severity and duration to the listed findings of the listed impairment.

(b) Any decision made under § 404.1502, § 404.1504, or § 404.1539 as to whether an individual's impairment or impairments are medically the equivalent of an impairment listed in the appendix to this Subpart P, shall be based on *medical evidence* demonstrated by medically acceptable clinical and laboratory diagnostic techniques, including a medical judgment furnished by one or more physicians designated by the Secretary, relative to the question of medical equivalence. A

"physician designated by the Secretary" shall include a physician in the employ of or engaged for this purpose by the Administration, the Railroad Retirement Board, or a State agency authorized to make determinations of disability.
(emphasis added). *See also* 42 U.S.C. § 423(d)(3).

In contrast, eligibility for supplemental security income benefits is determined by reference to age, education, work experience, and several other factors in addition to medical evidence. *See* 42 U.S.C. § 423(d)(2)(A).

unable to engage in "any substantial gainful activity" and awarded her supplemental security income benefits. He denied her claim for widow's benefits, however, because her disability was not among, or equivalent to, the listed impairments.

In reaching this latter conclusion, the judge relied heavily upon the opinion of a review physician of the Disability Determination Service. The review physician, taking into account an October, 1979 medical report stating that Reynolds was capable of performing work with restrictions, and the testimony of a vocational expert that Reynolds could perform work of a sedentary nature, concluded that her impairments did not match nor were they equivalent to those listed by the Secretary.

The regulations permit the judge to consider the opinion of a service physician. *See* 20 C.F.R. § 404.1516(b) (1980); *Sullivan,* 493 F.2d at 859–60. That opinion is but additional evidence, however, to be considered by the judge along with other "medical evidence" in reaching an independent determination. *Id.* Despite suggestions by Reynolds here that the administrative law judge abdicated this responsibility by unquestioningly adopting the physician's report, we are persuaded after reviewing the judge's opinion that his was an independent determination based on all the evidence. Moreover, while there is evidence to the contrary, we are compelled to conclude that there is abundant evidence to support the judge's, and, thus, the Secretary's determination.

The judgment of the district court is affirmed.