837 F.2d 475
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dorothy M. KELLEY, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 86-2095.
 United States Court of Appeals, Sixth Circuit.
 Jan. 20, 1988.
 
 Before KEITH and WELLFORD, Circuit Judges, and HULL, District Judge.[1]
 PER CURIAM:
 
 
 1
 Dorothy M. Kelley appeals from an order of the district court denying her motion for summary judgment and affirming the final decision of the defendant Secretary denying her application for widow's disability benefits under the Social Security Act. Mrs. Kelley, the widow of a wage earner who died fully insured, applied for benefits in 1981, at age 58, alleging that she had been disabled since July of 1965, due to a combination of impairments including bronchial asthma, arthritis, back problems, coronary artery disease and exogenous obesity. All of her medical problems were documented by medical evidence and her application for benefits contained the opinion of an examining physician, Dr. C. Indira of Tri-City Industrial Clinic, that she was "not a candidate for any kind of gainful employment."
 
 
 2
 An applicant for widow's disability benefits must provide specific clinical findings which show that she suffers from one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, or that she suffers from one or more unlisted impairments that singly or in combination are the medical equivalent of a listed impairment. Dorton v. Heckler, 789 F.2d 363 (6th Cir.1986). Typically, an administrative law judge is assisted in his evaluation of the clinical evidence by a consulting physician. Dr. Hymen M. Golden, the medical advisor who attended Mrs. Kelley's administrative hearing was of the opinion that she was disabled from any gainful employment but was unwilling to try to evaluate her clinical findings in terms of the listing of impairments. Apparently, in frustration, the administrative law judge later referred her medical record to another consulting physician, Dr. Seymour Osher, who examined the evidence and concluded that her impairments, in combination, did not meet or equal the listings. Relying exclusively on the opinion of this non-examining physician, and without evaluating the other medical evidence such as Dr. Indira's conclusion that Mrs. Kelley was disabled, the administrative law judge denied benefits.
 
 
 3
 Dr. Hill, one of plaintiff's treating physicians, noted several of her physical complaints including "exogenous obesity," but he observed that her various complaints did not, even in combination, "rule out any sort of work for her," but later restricted her ability to endure "physical or emotional stress." Dr. Indira found that plaintiff suffered from (1) asthma ("a mild degree of obstructive airway disease localized", and "restrictive lung disease"); (2) coronary artery disease ("normal sinus rhythm"--"no ST-T-wave abnormalities"--"angina pectores"); (3) degenerative joint disease ("arthritis"--"no joint swelling"--"no past history of injury to the joints"); (4) obesity (5'-2 1/2" tall, weight 218 pounds); (5) anxiety reaction (nervousness; "depressed and anxious"); and (6) hypertension controlled. Dr. Indira, without concluding any single complaint to be noted determinative or disabling, at the same time noted that in combination they would "limit her exercise tolerance considerably," and concluded that he did not consider her a candidate for gainful employment. This report may well be deemed to be inconsistent with the conclusion reached. Plaintiff, of course, carries the burden of establishing her disability.
 
 
 4
 The Secretary should explain fully the basis for decision if relying upon the opinion of a non-examining physician as the ALJ did in this case. The ALJ based his decision solely upon the opinion of Dr. S.L. Osher that plaintiff was not disabled within the meaning of the Act. The Secretary's findings are insufficient for adequate judicial review in light of the entire record. We cannot say with certainty whether or not they are based upon substantial evidence. See Reynolds v. Secretary, 707 F.2d 927 (6th Cir.1983); Futernick v. Richardson, 484 F.2d 647 (6th Cir.1973).
 
 
 5
 Accordingly, the instant action is hereby REMANDED to the Secretary for reconsideration of whether Kelley's medical problems, either singly or in combination, are the medical equivalent of a listed impairment.
 
 
 
 [1]
 The Honorable Thomas G. Hull, Chief Judge of the United States District Court for the Eastern District of Tennessee, sitting by designation