Vernal L. WILLIAMS, Plaintiff,

v.

Otis R. BOWEN, Secretary of Health and Human Services, Defendant.

Civ. A. No. 86–41–VAL (WDO).

United States District Court,
M.D. Georgia,
Valdosta Division.

May 10, 1988.

Janice Y. Martin, Valdosta, Ga., for plaintiff.

Jack Hood, Macon, Ga., for defendant.

## ORDER

OWENS, Chief Judge.

Plaintiff Vernal L. Williams filed a claim for disabled widow/widower benefits on or about May 7, 1985. Defendant denied plaintiff's claim. Following an adverse ruling on plaintiff's motion to reconsider plaintiff's claim, plaintiff requested and received a hearing before an administrative law judge ("ALJ"). The ALJ found that plaintiff was not disabled within the meaning of the Social Security Act. The Office of Hearings and Appeals denied plaintiff's request for review of the ALJ's decision. Thus, the adverse decision of the ALJ became the final decision of the Secretary of Health and Human Services. Dissatisfied with this decision, plaintiff filed a com-

plaint before this United States District Court on April 30, 1986.[1]

### Facts

Plaintiff was born on April 5, 1927, and she was fifty-eight years of age when she filed her application for disability benefits on May 7, 1985. The application was based upon the earnings record of her late husband, Isiah Williams, who died on December 27, 1981. *See* Record, p. 8.

Mrs. Williams stands five feet four inches tall and weighs approximately two-hundred eighteen to two hundred thirty-six pounds. She has a fifth grade education with limited reading and writing skills. Plaintiff ceased her employment as a housekeeper, for which she was paid fifty-five dollars per week, in May of 1985 because of a combination of medical problems. *Id.* at pp. 20–31 (Transcript of Hearing).

Various doctors have treated Mrs. Williams and diagnosed her conditions. Dr. Ira Wenze diagnosed Mrs. Williams as suffering from "severe, uncontrolled diabetes mellitus" and "malignant hypertension." *Id.* at p. 70. He stated that plaintiff had suffered from malignant hypertension "for several years." *Id.* Her blood pressure on May 6, 1985, registered 220/120. *Id.* He noted that her "peripheral pulses were decreased bilaterally in the femoral, popliteal and dorsalis pedis area" and that she was "massively obese." *Id.* at p. 71. Dr. Wenze opined that plaintiff was "unable to work at this time." *Id.* at p. 73.

Dr. Ramesh Carpenter treated Mrs. Williams in the spring and summer of 1983. Like Dr. Wenze in 1985, Dr. Carpenter described plaintiff as "obese." Her blood pressure registered 190/105 on May 12, 1983, and 200/95 on June 13, 1983. Dr. Carpenter reported that Mrs. Williams had suffered from hypertension for twelve years and diabetes for seven years. Dr. Carpenter's findings were recorded on a form provided by the Secretary. Dr. Carpenter completed the form and dated it June 10, 1985. The court notes, however, that Dr. Carpenter treated plaintiff in 1983. *See* Record, pp. 74–75.

Dr. K.G. Kumar examined plaintiff in July of 1985. Dr. Kumar described plaintiff as very obese, and her blood pressure at that time was 190/120. Dr. Kumar noted that plaintiff's eyesight, which uncorrected was 20 by 200 in the right eye and no vision in the left eye, would be 20 by 50 corrected in both eyes. The doctor diagnosed plaintiff as suffering from uncontrolled hypertension and lumbar spondylosis. *See* Record, pp. 76–78.

Dr. Wenze admitted plaintiff into South Georgia Medical Center on August 28, 1985. In two separate reports received by the Secretary on September 4, 1985, and on September 20, 1985, Dr. Wenze diagnosed Mrs. Williams as suffering from the following: (1) severe calcific tendonitis involving right shoulder; (2) diabetes mellitus, insulin dependant; (3) autonomic nervous system disease secondary to long standing diabetes mellitus; (4) cerebral dysfunction; and (5) malignant hypertension.[2] *See* Record, pp. 83–86.

Dr. John Wakefield, medical consultant to the Secretary, found that plaintiff suffered from malignant hypertension and diabetes mellitus. He concluded that plaintiff did not have an impairment which met or equalled the impairments in the listings. *See* Record, p. 72.

Dr. Louis M. Sales, also a medical advisor to the Secretary, reviewed the following medical evidence in rendering an opinion as to Mrs. Williams' disability: (1) records from South Georgia Medical Center covering plaintiff's admission of May 7, 1985, to May 13, 1985; (2) note from Ira Wenze,

---

1. This case, originally referred to the magistrate on August 7, 1986, has been referred back to this court due to the magistrate's heavy caseload.

2. Dr. Wenze withdrew his diagnosis of "impaired vision," which was included in the September 4, 1985, report, following an examination of plaintiff by Dr. Mirate, an opthamologist, who indicated that her vision problems could be corrected by altering plaintiff's prescription eyeglasses. *See* Record, p. 86.

M.D., dated May 28, 1985; (3) medical report from Ramesh S. Carpenter, M.D., dated June 10, 1985; (4) consultative medical report from K.G. Kumar, M.D., dated July 15, 1985; and (5) records from South Georgia Medical Center covering admission of August 28, 1985. *See* Record, p. 90. Dr. Sales did not examine Mrs. Williams.

Based upon the above-described records, Dr. Sales identified the following disabilities and offered the following conclusions:

1. Severe hypertensive vascular disease with associated left ventricular hypertrophy and venous insufficiency but no evidence of congestive failure, typical angina, hypertensive retinopathy or renal failure as with documented evidence of hypertension for more than 2 years but with no true documentation that her true disastolic blood pressure has been consistently above 100 throughout that time or at least for 1 year continuously.

2. Evidence of a right subdeltoid bursitis with associated degenerative disc disease at L4–L5 level and some osteophytes in the cervical spine with pain complained of in multiple other joints in the body but not demonstrated on physical findings and with no indication that these conditions have persisted for longer than a year.

3. Diabetes Mellitus first demonstrated in May of this year with no conclusive evidence of either acidosis, hypoglycemia or persistence resistance to insulin.

While it would appear that several of the above do meet the certeria (sic) for impairment, they do not with the exception of the hypertension meet the criteria for duration of impairment for a period of 1 year or longer and the hypertension is not shown to be consistently above 100 diastolic during this time nor does it show evidnce (sic) of associated factors such as congestive failure, renal involvement, hypertensive retinopathy, etc. so that on the basis of duration, we cannot feel that this patient meets the criteria.

Record, p. 94. At another point, Dr. Sales states as follows:

The combination of impairments listed would medically be the equivalent of a listed impairment (in fact, are listed impairments). Unfortunately, with the exception of hypertension which is not fully documented as being of the degree of severity mentioned, none of these have the duration equivalency at least not by the substantiated evidence.

Record, p. 96.

On the above facts, the ALJ held as follows:

[W]hile it has been recognized that Mrs. Williams has a severe combination of cardiovascular, musculoskeletal, and endocrine impairments, the Administrative Law Judge must conclude, considering the report of the medical advisor, Dr. Louis M. Sales, that the evidence fails to establish that the claimant's conditions, either singly or in combination, are of sufficient severity to meet or equal the criteria set forth in the Listing of Impairments. I, therefore, have no alternative but to find that she is not entitled to widow's insurance benefits under the Social Security Act.

### Discussion

The Social Security Act provides for the payment of benefits to disabled widows and widowers of fully-insured wage earners upon a showing that the claimant suffers from a disability of such severity that claimant is unable to engage in any gainful activity. *See* 42 U.S.C. §§ 402(e) and 423(d)(2)(B); 20 C.F.R. §§ 404.1577 and 404.1578; *Reynolds v. Secretary of Health and Human Services*, 707 F.2d 927, 928 (6th Cir.1983). The regulations require the claimant to show the following:

(1) [y]our impairment(s) has specific clinical findings that are the same as those for any impairment in the Listing of Impairments in Appendix 1 or are medically equivalent to those for any impairment shown there; [and] (2) [y]our impairment(s) meets the duration requirement.

The impairment must be expected to result in death or must have lasted or be expected to last "for a continuous period of not less than 12 months...." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1578(a)(1) and (2). Despite satisfying the above crite-

ria, a claimant will not be found disabled if she is engaged in substantial gainful activity. *Id.* at § 423(d)(2)(B); 20 C.F.R. § 404.1578(b). Entitlement to benefits pursuant to the above cited statutes and regulations depends upon the claimant's ability to satisfy a standard stricter than that standard set for the award of other supplemental security income benefits. *See Reynolds*, 707 F.2d at 928–29.

■ The ALJ found that the medical evidence did not establish a sufficiently severe impairment either the same as or medically equivalent to any impairment in the Listing of Impairments. Thus, the ALJ concluded, claimant was not disabled and was not entitled to widow's insurance benefits. This court must uphold the Secretary's findings and decision if they are supported by substantial evidence. *See McDaniel v. Bowen*, 800 F.2d 1026, 1029 (11th Cir.1986). However, where an erroneous legal standard has been used by the ALJ, this court must remand the case for an application of the proper legal standard to the facts. *See Walker v. Bowen*, 826 F.2d 996, 1001–02 (11th Cir.1987).

The ALJ relied heavily upon the opinion of Dr. Louis Sales, a non-examining consultative physician. Dr. Sales identified several medical problems which in his opinion were either the same as or medically equivalent to impairments described in the listings. The named disabilities included (1) hypertensive vascular disease, (2) locomotor system, (3) diabetes mellitus, and (4) obesity. The existence of these identified disabilities is strongly supported by the data gathered and opinions offered by the various physicians who treated Mrs. Williams.

■ However, Dr. Sales determined in regards to each condition either that certain information had not been sufficiently documented to warrant a finding of an impairment or that the impairments had not existed for the requisite one year or longer. With respect to the duration re-

quirement, the regulations require that the disability "must have lasted or *must be expected to last* for a continuous period of at least twelve months." 20 C.F.R. § 404.1509 (emphasis added). This regulation clearly establishes a prospective standard. *See Sierakowski v. Weinberger*, 504 F.2d 831, 834–35 (6th Cir.1974). Entitlement to benefits does not depend upon a showing of actual impairment for the twelve months preceding application.

> An applicant may be entitled to benefits if he or she suffers from an impairment which is expected to last for a minimum of twelve consecutive months.... The Act requires only a prediction that the disability will continue for at least twelve consecutive months after the onset of the disability. The requirement is therefore forward-looking....

*McDonald v. Bowen*, 800 F.2d 153, 157 (7th Cir.1986).

■ Dr. Sales focused narrowly upon the twelve months preceding Mrs. Williams' application. He did not consider and thus offered no opinion on the expected duration of claimant's impairments, impairments which he expressly found to be otherwise the same as or medically equivalent to conditions identified in the listings.

The ALJ expressly relied upon the opinion of Dr. Sales in finding that the evidence failed to establish that Mrs. Williams' conditions were of sufficient severity to meet or equal the criteria provided in the listings. Considering Dr. Sales' opinion, the ALJ must have agreed with the doctor and determined that plaintiff had failed to show an impairment of sufficient duration.[3] This determination was based upon the application of an incorrect legal standard regarding the ascertainment of the duration of plaintiff's impairments. Thus, this case must be remanded to permit the ALJ to apply the proper standard, a prospective one, to the facts of this case.

---

**3.** The ALJ failed to address the duration requirement. However, in light of Dr. Sales' opinion, which fairly read predicates the denial of benefits not on plaintiff's physical conditions but on her failure to satisfy the duration re-

quirement, and in light of the ALJ's express reliance upon that opinion, this court can only conclude that Dr. Sales' comments regarding the duration requirement were the basis of the ALJ's decision.

Upon remand, the ALJ is instructed that, pending the resolution of the duration dispute, Mrs. Williams' condition is the same as or medically equivalent to a listed impairment. Dr. Wenze stated that Mrs. Williams suffered from diabetes mellitus with autonomic nervous system disease secondary to her longstanding diabetes. The opinion of a treating physician must be given substantial weight unless good cause is shown to the contrary. *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir.1986). Diabetes mellitus is a listed impairment. *See* 20 C.F.R. Subpart P, Appendix 1, § 9.08. That regulation indicates that diabetes mellitus in conjunction with "[n]euro-pathy demonstrated by significant and persistant disorganization of motor function in two extremeties resulting in substantial disturbance of gross and dexterous movements, or gait and station ..." is a condition warranting a finding of disability. *Id.* at § 9.08(A). Neuropathy is defined as "any disease of the nervous system." *Stedman's Medical Dictionary* 847 (22nd Ed. 1972).

While Dr. Sales addressed the absence in Mrs. Williams' situation of other complicating factors of diabetes identified in section 9.08, he failed to address the above diagnosis of Mrs. Williams' treating physician that she suffered from autonomic nervous system disease. The ALJ specified neither the weight given to Dr. Wenze's opinion nor any reason for discounting that opinion. Thus, this court accepts as true Dr. Wenze's diagnosis, and it so directs the ALJ. *See MacGregor*, 786 F.2d at 1053 (where Secretary has ignored or failed to refute a treating physician's testimony,

that testimony is accepted as true as a matter of law).[4]

Finally this court identifies two findings which the ALJ is directed to make in the event that claimant's impairments are found to satisfy the duration requirement. First, as required by the regulations, the ALJ must determine whether Mrs. Williams has engaged in substantial gainful activity. *See* 20 C.F.R. §§ 404.1510 and 404.1571, *et. seq.* A finding that Mrs. Williams has engaged in substantial gainful activity precludes her from receiving benefits for the periods of such activity. *See Powell on Behalf of Powell v. Heckler*, 773 F.2d 1572, 1574 (11th Cir.1985).

This court is without sufficient information to make a determination regarding plaintiff's work activity. The court notes, however, that the ALJ elicited a response from plaintiff indicating that she had earned fifty-five dollars per week in her capacity as a maid in January and February. Assuming that plaintiff worked each week of those months, an assumption which the evidence does not support, plaintiff earned approximately two hundred twenty dollars in each of those months. The regulations indicate that an employee's earnings will substantiate a finding that a claimant has engaged in substantial gainful activity if those earnings average more than three hundred dollars per month over a calendar year. 20 C.F.R. § 404.1574(b)(2)(vi). Earnings of less than one hundred ninety dollars per month over a calendar year ordinarily will establish that a claimant has not engaged in substantial gainful activity. *Id.* at § 404.1574(b)(3)(vi). To the extent that information regarding earnings is available,

---

**4.** By identifying plaintiff's diabetes mellitus with accompanying neuropathy as being the same as or medically equivalent to a listed impairment, this court in no way intends to indicate that Mrs. Williams' hypertension fails to meet the same test. Dr. Wakefield's opinion that claimant suffered from hypertension without end organ disease does not dispose of the question. *See Parker v. Bowen*, 793 F.2d 1177, 1180 (11th Cir.1986) (hypertension without significant end organ disease may be a severe impairment). Both Dr. Wenze and Dr. Carpenter indicated that plaintiff's hypertension was a condition that had been in existence for several

years. Blood pressure readings from as far back as 1983 indicated a consistent diastolic reading approaching or exceeding 100. Thus, while Dr. Sales' statements regarding the insufficient documentation of plaintiff's hypertension has some credibility, the court notes that the insufficiency is more a function of the lack of quality of documentation rather than indicative of the quality of the documentation provided. However, in light of the court's determination that plaintiff's diabetes mellitus is a listed impairment, this court deems it superfluous to require the ALJ to reconsider the finding regarding hypertension.

a conclusion that Mrs. Williams has engaged in substantial gainful activity appears questionable.

If the ALJ determines that Mrs. Williams has not engaged in substantial gainful activity, then he must make a finding supported by the evidence regarding the remediable nature of Mrs. Williams' conditions. *See* 20 C.F.R. § 404.1530. A remediable condition is not disabling. *See Dumas v. Schweiker,* 712 F.2d 1545, 1553 (2nd Cir.1983). To deny benefits pursuant to the above regulation, "the ALJ must find that if the claimant followed the prescribed treatment, [her] ability to work would be restored, and this finding must be supported by substantial evidence." *Patter-* son *v. Bowen,* 799 F.2d 1455, 1460 (11th Cir.1986).

The ALJ's finding that plaintiff Mrs. Vernal Williams does not suffer from an impairment the same as or medically equivalent to an impairment in the listings is REVERSED. This matter is hereby REMANDED to the ALJ to make findings in accordance with this opinion.