872 F.2d 1027
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joann ODEN, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 88-1424.
 United States Court of Appeals, Sixth Circuit.
 April 4, 1989.
 
 Before KENNEDY and NATHANIEL R. JONES, Circuit Judges, EUGENE SILER, Jr., Chief District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff-appellant, Joann Oden, appeals from the district court's order granting summary judgment in favor of the Secretary of Health and Human Services ("Secretary"). For the following reasons, we affirm.
 
 I.
 
 2
 In May of 1983, Oden inhaled weed killer which she claims caused her to suffer respiratory failure. On October 5, 1984 and March 14, 1985, Oden filed applications for disability insurance and supplemental security income benefits. Her applications were denied initially and on reconsideration. A hearing was held before an Administrative Law Judge (ALJ) on April 16, 1987. On June 1, 1987, the ALJ rejected Oden's applications and the Appeals Council subsequently affirmed the ALJ's decision. Oden then filed suit seeking review of the Secretary's decision. On April 6, 1988, the United States District Court for the Western District of Michigan granted summary judgment in favor of the Secretary.
 
 
 3
 Oden is 56 years old and has completed three years of college. She has past relevant work experience as a salesperson, an employment agent, an office manager and a debt collector. These jobs required sitting and occasional bending but required no lifting or carrying. Although Oden claims that May 27, 1983, the day she inhaled weed killer, was the onset of total disability due to chronic obstructive lung disease and asthma, she nonetheless worked part-time from April 1985 to May 1986.
 
 
 4
 In rejecting Oden's applications, the ALJ relied upon her testimony and numerous medical reports. Oden testified that because of her lung impairment, she becomes short of breath and experiences chest pain and frequent coughing spells. Oden alleges that she cannot shop, cook, or do housework or yard work. She claims that she can stand only fifteen minutes at a time, sit for five hours, lift only five pounds and walk no more than a block. She stated that she takes steroids and bronchodilators to relieve her problems, that she increases her steroids when she has coughing spells and that she gets pneumonia and colds very easily. Oden also claims that the side effects of a mastectomy which was performed in 1986 and hip surgery in 1987 affect her respiratory condition.
 
 
 5
 In assessing pulmonary tests to determine whether chronic obstructive pulmonary disease prevents a claimant from working, the tests must be examined in accordance with the Social Security regulations Listing of Impairments contained in 20 C.F.R. Part 404, Subpart P, Appendix 1, Sec. 3.02A (1987). For an individual of Oden's height (67 inches), her FEV-1 (forced expiratory volume at one second) would need to show less than 1.3 and the MVV (maximum voluntary ventilation) must be less than 52. Medical reports presented at the hearing diagnose Oden as having chronic obstructive pulmonary disease. The physicians observe, however, that Oden's respiratory problems would improve if she complied with her prescribed medication and stopped smoking. FEV-1 tests performed on Oden ranged from 1.37 to 2.31 before administering broncodilator drugs and the results of her MVV ranged from 50 to 59. Pulmonary function tests indicate that Oden's respiration improved substantially once bronchodilators were administered.
 
 
 6
 The ALJ followed the five-step sequential evaluation prescribed in 20 C.F.R. 404.1520(a)-(f) (1987) and found that Oden was not working, that she had a severe impairment (asthma) but that this impairment did not meet or equal a listed impairment. The ALJ further found that the complications surrounding Oden's hip and breast surgery did not meet the twelve-month duration requirement set forth in 20 C.F.R. Sec. 404.1509 (1987), and determined that Oden retained the residual functional capacity to perform work-related activities except for work involving lifting more than 10 pounds. Since Oden's past jobs had not required the performance of activities precluded by her physical limitations, the ALJ ruled that she was not disabled and that she remained capable of performing her past relevant work.
 
 II.
 
 7
 Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching her conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). The scope of our review is limited to an examination of the record only. We do not review the evidence de novo, make credibility determinations nor weigh the evidence. Reynolds v. Secretary of Health and Human Services, 707 F.2d 927 (6th Cir.1983). Finally, the court must examine the evidence taken as a whole and must not focus and base its decision on one piece of evidence while disregarding other pertinent evidence. Duncan v. Secretary of Health and Human Services, 801 F.2d 847 (6th Cir.1986).
 
 
 8
 The Secretary determined that because Oden worked from April 1985 to May 1986, she was not disabled during this period. We agree. Because Oden earned in excess of $300.00 per month during this period, she engaged in substantial gainful activity as defined by 20 C.F.R. Secs. 404.1574(b)(2)(vi), 416.974(b)(2)(vi) (1987).
 
 
 9
 On July 1, 1987--after the ALJ's hearing--Oden deposed her treating physician Dr. Rop. He testified that Oden had chronic obstructive lung disease with extrinsic asthma, that she is totally disabled because of her respiratory problems and that she is probably the worst pulmonary patient that he had seen in eight years. He indicated that exhaustion and fatigue would be consistent with Oden's disease process and noted that she could not perform sedentary work because she would need to change her medication. Oden claims that because her treating physician, Dr. Rop, indicated that she is disabled from substantial gainful employment, the Secretary erred in not affording his opinion significant weight and in determining that his finding of disability was based solely on the mastectomy and not chronic obstructive pulmonary disease. Oden further contends that since the ALJ is not a medical expert, he should not have interjected an opinion concerning her impairments.
 
 
 10
 Notwithstanding Dr. Rop's conclusory statements concerning Oden's total disability, the record does not contain objective medical evidence that Oden's pulmonary condition resulted in exhaustion and fatigue that would preclude the exertional requirements of her past relevant sedentary work. The record does not contain any medical evidence which indicates that any FEV-1 values were less than 1.3, and pulmonary function tests indicate that Oden's respiration improved once bronchodilators were administered. Moreover, several medical reports noted that Oden's medical condition would improve if she gave up smoking and properly adhered to her medications. "While it is ordinarily true that a treating physicians's diagnosis is to be given greater weight than the government physician's diagnosis, this is true only 'if the treating physician supplies sufficient medical data to substantiate the diagnosis.' " Murphy v. Secretary of Health and Human Services, 801 F.2d 182, 185 (6th Cir.1986) (quoting Kirk v. Secretary of Health & Human Services, 667 F.2d 524, 538 (6th Cir.1981), cert. denied, 461 U.S. 957 (1983)).
 
 
 11
 The Secretary in this case did not elaborate on the basis for the determination that Oden did not have an impairment which met the requirements of the Listing of Impairments. Nevertheless, substantial medical evidence supports the Secretary's finding that Oden is not disabled because her severe impairment does not meet or equal the requirements of 20 C.F.R. Part 404, Subpart P, Appendix 1, Sec. 302A (1987). Accordingly, we hereby AFFIRM the district court's order.
 
 
 
 *
 Honorable Eugene E. Siler, Jr., Chief Judge, United States District Court for the Eastern District of Kentucky and Judge, United States District Court for the Western District of Kentucky, sitting by designation