875 F.2d 863
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bennie FRANKLIN, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 88-1494.
 United States Court of Appeals, Sixth Circuit.
 June 6, 1989.
 
 Before NATHANIEL R. JONES and RYAN, Circuit Judges; and ODELL HORTON, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff-appellant, Bennie Franklin, appeals the district court's order granting summary judgment in favor of the Secretary of Health and Human Services ("Secretary"). For the following reasons, we affirm.
 
 I.
 
 2
 On August 29, 1980, Franklin claims that his neck was injured after the tractor that he was operating dropped into a hole. Franklin filed his first application for disability insurance benefits (DIB) on March 17, 1981. His application was denied initially, on reconsideration, by an administrative law judge (ALJ), by a federal district court and by this court on appeal. Franklin's second DIB application, filed on March 17, 1986, alleged the same August 29, 1980 disability onset date. This application was denied initially and on reconsideration. A hearing was held before an ALJ on January 20, 1987. On March 4, 1987, the ALJ rejected Franklin's application and the Secretary subsequently affirmed the ALJ's decision. Franklin filed suit in federal district court seeking review of the Secretary's decision on July 21, 1987. His case was assigned to a United States Magistrate who recommended that the court grant summary judgment for the Secretary. On March 28, 1988, the district court adopted the Magistrate's Report and Recommendation and granted summary judgment for the Secretary.
 
 
 3
 Franklin was 51 years old at the time of his second hearing. He has past relevant work experience in skilled, heavy labor. His last job required constant reaching and walking about one hour each day. The job required only occasional bending and did not require that Franklin lift items weighing over ten pounds.
 
 
 4
 In rejecting Franklin's application, the ALJ relied on his testimony, medical reports submitted for the first and second hearings and the testimony of a medical advisor and a vocational expert who testified at the second hearing. Franklin testified that he has lost the grip strength in both hands, that he drops objects on a regular basis and that he can lift only five pounds with each hand. He further stated that he suffers from low back pain, that he is unable to sit for more than 20 minutes without having to shift his position, and that standing and walking cause pain in his legs.
 
 
 5
 None of the medical reports which were submitted during Franklin's first hearing supported his disability claim. The physician who examined Franklin at the Secretary's request submitted a report for the second hearing. The report did not indicate that Franklin was disabled nor did it report atrophy of Franklin's hands or an absent triceps reflex. Moreover, the medical advisor who examined Franklin at the second hearing observed no atrophy of the hands and found both triceps reflexes to be present. However, the report Franklin's treating physician submitted for the second hearing notes atrophy of the hands and absence of the triceps refled and includes a determination that Franklin is totally disabled. The physician provided neither the reasoning nor analysis he used to form the basis for his opinion nor clinical or laboratory findings to support his conclusion of total disability. Although the medical advisor did not challenge all the evidence contained in Franklin's treating physician's report, the advisor concluded that none of the medical evidence presented by Franklin supported a finding that he is totally disabled. m For these reasons, the ALJ ruled that the treating physician's diagnoses were questionable and that the reports could not be given significant weight in making the disability determination.
 
 
 6
 The ALJ followed the five-step sequential evaluation prescribed in 20 C.F.R. Sec. 404.1520(a)-(f) (1987) and found that Franklin was not working, that he had severe cervical osteoarthritis, mild carpal tunnel syndrome, mild hypertension and mild diabetes mellitus. The ALJ concluded, however, that Franklin did not have an impairment or combination of impairments which met or equalled a listed impairment. The ALJ determined that Franklin has the residual functional capacity to perform work-related activities except for work which involves frequently moving his neck or involves lifting more than 20 pounds. Since Franklin's nonexertional limitations do not allow him to perform a full range of light, the ALJ relied on the vocational expert's testimony that there were a significant number of jobs in the local and state economy which Franklin can perform and, accordingly, ruled that Franklin is not disabled.
 
 II.
 
 7
 Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching his conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). The scope of our review is limited to an examination of the record only and we do not make credibility determinations nor weigh the evidence. Reynolds v. Secretary of Health and Human Services, 707 F.2d 927 (6th Cir.1983).
 
 
 8
 This court has held that "the medical opinion of a treating physician must be accorded greater weight than those of physicians employed by the government to defend against a disability claim." Hall v. Bower, 837 F.2d 272, 276 (6th Cir.1988). This court has also held, however, that "the ALJ is not bound by conclusory statements of a treating physician that a claimant is disabled, but may reject determinations of such a physician when good reasons are identified for not accepting them." Id. Although Franklin's treating physician reports that Franklin is totally disabled and that Franklin has several medical impairments, his medical reports are vague, conclusory and contain no objective medical evidence to support his findings. In addition, the record contains no objective medical evidence which supports Franklin's claim that he is unable to use his hands on a consistent basis. Finally, with respect to Franklin's subjective allegations of pain, he has failed to demonstrate that he has a objectively determined medical condition of such a severity that it can be reasonably expected to give rise to his alleged pain. Thus, he has failed to show that he suffers from disabling pain as defined by this court in Duncan v. Secretary of HHS, 801 F.2d 847, 853 (6th Cir.1986).
 
 
 9
 Since substantial evidence supports the Secretary's determination that Franklin has the residual functional capacity to perform a limited range of light work, we hereby AFFIRM the district court's order.
 
 
 
 *
 Honorable Odell Horton, Chief Judge, United States District Court for the Western District of Tennessee, sitting by designation