Irma **WILLIS,** Plaintiff-Appellant,

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES,** Defendant-Appellee.

No. 82–3813.

United States Court of Appeals, Sixth Circuit.

Submitted Dec. 2, 1983.

Decided Feb. 7, 1984.

John Gee, William M. Culbert, Culbert & Akdins, Toledo, Ohio, Eileen S. Goodin, Barkan & Neff Co., L.P.A., Columbus, Ohio, for plaintiff-appellant.

Patrick J. Foley, Asst. U.S. Atty., Toledo, Ohio, Steven J. Plotkin, Chicago, Ill., for defendant-appellee.

Before LIVELY, Chief Judge, MARTIN, Circuit Judge, and PHILLIPS, Senior Circuit Judge.

PER CURIAM.

In this Social Security case, plaintiff Irma Willis appeals the Secretary's denial of widow's disability benefits under 42 U.S.C. § 402(e). An administrative law judge found that Ms. Willis was not disabled. This determination was upheld by the Appeals Council. On review the district court affirmed and we agree there exists substantial evidence to uphold the denial of benefits.

Appellant was born on December 31, 1919 and has a fifth-grade education. Her only employment experience has been as a domestic worker. She has not worked since 1977. Presently she is receiving supplemental security income benefits.

In her administrative hearing she testified that she was disabled due to difficulties with her vision, high blood pressure, gastritis, and arthritis. She claimed her arthritis prevented her from walking for more than two blocks. She also claimed she had trouble standing for any extended period of time and that she could not sit still for more

than one-half hour due to her nervousness. She stated she often cried if she were around loud noises or conversation. As noted by the administrative law judge, her normal activities included watching television, preparing meals and performing light household chores, although she testified she could not shampoo her own hair.

On appeal, Appellant raises two issues. First, she contends the district court erred when it refused to remand her case to allow the Secretary to consider additional medical evidence not presented during her administrative hearing. Second, she argues substantial evidence does not exist to uphold the Secretary's denial of benefits. We disagree with both of Appellant's contentions.

We first address the question of whether the district court erred in not remanding her case to have the Secretary consider medical evidence not presented to the administrative law judge.

At the close of the May 8, 1981 administrative hearing the following colloquy occurred between the administrative law judge (ALJ) and counsel for Ms. Willis:

ALJ: Well, I'm not going to leave this record open. I think you insofar as the administrative responsibility to develop it—I think it has been met. And aside from that with respect to the burden of proof here, it is on the claimant in these cases to establish medical evidence of the impairment and I just don't find any medical evidence of a significant nervous, psychiatric or mental problem in the record. So, I—I'm not going to order any additional examinations on behalf of—of the government. Do you want additional time to send this lady out at your own expense?

ATTORNEY: I would have to discuss that with my associates and my co-counsel in this case. I won't ask for additional time at this time.

ALJ: Well, alright. Then the record will be closed and the matter submitted. And anything further?

ATTORNEY: No, sir.

After the hearing, counsel for Appellant did not advise the ALJ that she sought to have additional examinations for her client or that she wanted the record re-opened. In fact, it was not until June 5, 1981, several days after the ALJ denied Willis' application for benefits, that Appellant was examined by Dr. Saim Giray, a psychiatric expert.

Dr. Giray's evaluation of Ms. Willis was completed on June 10. In his report, Dr. Giray concluded that, based on his findings and evaluations of Appellant's physical and mental condition, Appellant was "totally and permanently disabled and unable to engage in any kind of gainful employment activity in any capacity." This report was submitted to the Appeals Council along with Appellant's request for review of the ALJ's decision denying her benefits.

42 U.S.C. § 405(g) as amended, P.L. 96–265. § 307, 94 Stat. 458 (1980), provides that a reviewing court "may at any time order additional evidence to be taken before the Secretary, *but only* upon a showing that there is new evidence which is material *and* that there is *good cause* for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g) (emphasis added.)

We have examined the legislative history of the 1980 amendment to 42 U.S.C. § 405(g) and it clearly indicates the amendment was designed to limit the ability of a reviewing federal court to remand the case to the Secretary. The Senate Report notes "under existing law the court itself, on its own motion or on motion of the claimant, has discretionary authority 'for good cause' to remand the case back to the ALJ. It would appear that although many of these court remands are justified, some remands are undertaken because the judge disagrees with the outcome of the case. . . . The bill would continue the provision of present law which gives the court discretionary authority to remand cases to the Secretary, but adds the requirement that remand for the purpose of taking new evidence be limited to cases in which there is a showing that there is new evidence which is material and that there was good cause for failure to

incorporate it into the record in a prior proceeding." Senate Rep. 96–408, *reprinted in* 3 U.S.Code Cong. & Ad.News 1277, 1336–37 (1980).

Further support of the scope of the amendment to 405(g) is found in the floor statements of Congressman Pickle, one of the floor managers of the bill. He noted that with the amendment, "we have tried to speed up the judicial process so that these cases would not just go on and on and on. The court could [prior to the amendment] remand them back down to the ALJ without cause or other reason which was weakening the appeal process at that level. . . . We also closed the record at the administrative law judge level." 125 Cong.Rec. 23383 (1979).

It is clear from our reading of the legislative history that this provision was enacted, at least in part, to limit the discretion of federal judges to remand for reconsideration of new evidence. *Accord. Dorsey v. Heckler,* 702 F.2d 597, 604 (5th Cir.1983); *Ward v. Schweiker,* 686 F.2d 762, 764 (9th Cir.1982) *citing Carter v. Schweiker,* 649 F.2d 937, 942 (2d Cir.1981).

■ Thus, under the amended provision this court may remand the case only when claimant shows that (1) new material evidence is available and (2) good cause is shown for failure to incorporate such evidence into the prior proceeding. 42 U.S.C. § 405(g).

■ In *Dorsey, supra,* an ALJ had found that claimant had failed to substantiate her claim of mental impairment at the administrative hearing. During the pendency of the Appeals Council review, however, claimant developed debilitating mental symptoms, and was hospitalized. In this instance the Fifth Circuit found good cause for her failure to incorporate the evidence into the administrative proceeding. 702 F.2d at 606. *Dorsey* is, however, distinguishable from the case at bar. Here, Appellant offers absolutely no explanation of why the medical evidence she seeks to have considered on remand could not have been presented to the ALJ in the May 8, 1981

hearing. Unlike *Dorsey,* there is no contention that the onset of her impairment occurred after the hearing. Furthermore, as noted above, the transcript of the hearing before the ALJ clearly indicates that counsel for the Appellant did not seek to have the record remain open until such time as other evidence could be made a part of the record. Nothing in the record indicates any good cause for the failure to elicit medical testimony from Dr. Giray, prior to the close of the proceedings before the ALJ. If counsel for Appellant believed there was evidence of a psychiatric condition in support of the claim of disability, that evidence should have been before the ALJ. Absent a demonstration of good cause to excuse the failure to incorporate this evidence in the original hearing, we cannot order a remand for the purposes of requiring the Secretary to consider new evidence. To do so would directly contravene the express language contained in the 1980 amendment to 42 U.S.C. § 405(g). Because we conclude that Appellant has failed to satisfy the "good cause" test of section 405(g), we do not decide the question of whether Dr. Giray's report constituted new and material evidence.

■ Appellant also claims that substantial evidence does not exist to support the Secretary's finding that she is not disabled as defined in 42 U.S.C. § 423(d)(2)(B). Under the statute a widow is considered not disabled unless her physical or mental impairments are of a level of severity which preclude her from "engaging in any gainful activity." The statute gives the Secretary the authority to establish regulations determining which impairments will be deemed sufficient to preclude a widow from engaging in any gainful activity. 42 U.S.C. § 423(d)(2)(B). These regulations are reported in 20 C.F.R. Part 404, Subpart P, Appendix 1 (1982).

None of the medical reports submitted to the ALJ establish that Appellant suffered from a physical or mental impairment listed in Appendix 1, or suffered from an impairment the medical equivalent of one of the listed impairments. A review of this medi-

cal evidence fails to show that she satisfied the strict requirements claimants must bear when seeking widow's disability benefits. *Reynolds v. Secretary of Health and Human Services,* 707 F.2d 927 (6th Cir.1983).

The judgment of the district court is therefore affirmed.