867 F.2d 611
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William HOWARD, Plaintiff-Appellant,
v.
Otis R. BOWEN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 88-5053.
 United States Court of Appeals, Sixth Circuit.
 Jan. 31, 1989.
 
 Before BOYCE F. MARTIN, Jr. and NATHANIEL R. JONES, Circuit Judges and JOHN FEIKENS*, Senior District Judge.
 PER CURIAM.
 
 
 1
 William Howard appeals from an order of the federal district court, affirming the denial of Social Security benefits by the Secretary of the Department of Health and Human Services. Because Howard's argument are without merit, and the Secretary's findings are supported by substantial evidence, we affirm the decision of the district court.
 
 
 2
 The facts of this case are as follows. William Howard filed applications for a period of disability, disability insurance benefits and supplemental security income benefits with the Social Security Administration on November 9, 1984. Howard worked as a truck driver until January, 1984. At that time, Howard ceased work because he claimed to suffer from a number of physical problems which severely limited his ability to work. Howard's claims were denied administratively on January 24, 1985 and again on reconsideration on March 4 and March 7, 1985.
 
 
 3
 Howard filed a request for a hearing on April 16, 1985. The request was granted and a hearing was held before an administrative law judge on August 22, 1985. The administrative law judge rendered a decision on September 25, 1985 in which he determined that Howard was not disabled.
 
 
 4
 The administrative law judge concluded that the medical evidence established that Howard suffered from severe diabetes mellitus, hypertension and degenerative joint disease of the lumbar spine. He also found, however, that Howard did "not have an impairment or combination of impairments listed in or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4." Because he found that Howard had the residual functional capacity to perform the full range of light work under 20 C.F.R. Sec. 404.1567 and 416.967, the administrative law judge concluded that Howard was not disabled.
 
 
 5
 Three specific aspects of the administrative law judge's opinion should be noted. First, the administrative law judge found that Howard's "complaints of constant severe pain and symptoms are not credible." He concluded that "a review of [the] medical report indicates that the claimant did exaggerate his symptoms somewhat" and "attempted to minimize his daily activities all to the detriment of his credibility."
 
 
 6
 Second, the administrative law judge noted that Dr. Theo D. Beels, Howard's treating physician, "diagnosed the presence of diabetes, hypertension and fibromyalgia, all of which were felt to be moderate impairments." Dr. Beels "gave no opinion as to the claimant's residual functional capacity." The administrative law judge found that Dr. Beels' evidence was "strongly indicative of the fact that the claimant's moderate impairments when considered in combination would be considered severe enough to limit him to light work, but would not further reduce his residual functional capacity."
 
 
 7
 Third, the administrative law judge expressly "decline[d] to give overwhelming weight to [neurologist Dr. Leslie Huszar's] findings." Dr. Huszar conducted a nerve conduction study of Howard in August 1985. She concluded that Howard suffered from a diabetic peripheral neuropathy and that his overall prognosis was poor due to his high blood pressure, diabetes, insulin dependency and vascular disease. The administrative law judge discounted Dr. Huszar's findings of peripheral neuropathy because they were directly contradicted by Dr. Beels' findings. Finally, he noted that Dr. Huszar never stated that Howard was "totally or permanently disabled, or even significantly functionally limited in any way."
 
 
 8
 On December 26, 1985, the Appeals Council denied a request to review the administrative law judge's decision. Consequently, the administrative law judge's opinion became the final decision of the Secretary of the Department of Health and Human Services.
 
 
 9
 On March 5, 1986, Howard filed for review of the administrative decision in United States District Court for the Eastern District of Kentucky. The court assigned the case to a United States Magistrate. The magistrate filed a report of proposed findings of facts and recommendation on December 3, 1987. The magistrate correctly noted that the court's function was to determine whether the record as a whole contained substantial evidence to support the Secretary's decision. The magistrate found that the evidence in the record did provide "substantial evidence that the plaintiff has the residual functional capacity to do light work" as light work is defined at 20 C.F.R. Sec. 404.1567(b). Moreover, the magistrate found that Section 101.03 of Appendix 1, Subpart P, Regulation No. 4 Part B is not applicable to Howard since it applies to children under age 18. The magistrate also found that there was substantial evidence to support the Secretary's finding that Howard's complaints of constant severe pain were not credible.
 
 
 10
 On December 16, 1987 the district court entered an order, without opinion, adopting in full the magistrate's findings and recommendation and affirming the decision of the Secretary. Howard takes his appeal from this judgment.
 
 
 11
 Howard makes three arguments on his behalf, none of which is persuasive. He argues that Dr. Huszar's letter of August 26, 1985 shows conclusively that his condition was worsening and his overall prognosis was poor. He asserts that Dr. Huszar's opinion, as that of a treating physician, should be given overwhelming weight.
 
 
 12
 This argument fails for several reasons. First, Dr. Huszar was not a "treating physician" of Howard. This Court has defined a "treating physician" as one who establishes a treating relationship with a claimant over time. The opinions of physicians of this sort are to be given greater weight. Kirk v. Secretary of H.H.S., 667 F.2d 524, 536 (6th Cir.1981). The record shows Dr. Huszar examined Howard on only one occasion, the day before his hearing with the administrative law judge.
 
 
 13
 Even if Dr. Huszar was Howard's treating physician, her opinion was not entitled to overwhelming weight. A treating physician's opinion is neither binding on the Secretary nor dispositive of the issue. The Secretary may reject the opinion of a treating physician when good reasons are identified for not accepting them. Dr. Huszar's diagnosis of diabetic peripheral neuropathy was contradicted by the diagnoses of three other physicians who examined Howard. Even if Huszar was correct in her diagnosis, diabetic peripheral neuropathy does not impose significant functional limitations on Howard's ability to do light work.
 
 
 14
 Howard's second argument is that the administrative law judge should not have mechanically applied the medical-vocational guidelines found at 20 C.F.R. Part 404, Subpart P, Appendix 2 to find that Howard possessed the residual capacity for light work. Howard claims that he suffered from both exertional and non-exertional impairments. Because of this condition, he asserts that under 20 C.F.R. Part 404, Subpart P, Section 200.00(e), the grid found in Subpart P Appendix 2 is inapplicable.
 
 
 15
 Unfortunately, Howard's understanding of the law on this point is mistaken. The medical evidence showed that Howard suffered from severe diabetes mellitus, hypertension, and degenerative joint disease of the lumbar spine. In light of these conditions the Secretary determined that Howard was unable to perform his regular previous employment as a truck driver. Howard thus established a prima facie case of disability. The burden then shifted to the Secretary to show that Howard could perform other substantial gainful employment in the national economy. To overcome a prima facie case of disability, the Secretary may rely on the medical-vocational guidelines, Kimbrough v. Secretary of H.H.S., 801 F.2d 794 (6th Cir.1986). Howard fits squarely into the class of persons described in the guidelines at 20 C.F.R. Part 404, Subpart P, Appendix 2, Table No. 2, Rules 202.10, 202.11. These rules indicate that there is work to be found in the national economy. Howard therefore cannot be found to be disabled.
 
 
 16
 Additionally, Howard's alleged non-exertional limitations would require a non-guideline determination only if they were to restrict Howard's "performance of a full range of work at the appropriate residual functional capacity level." Kirk v. Secretary of H.H.S., 667 F.2d 524, 528-529 (6th Cir.1981). Substantial evidence supports the Secretary's decision that Howard's non-exertional impairments, if they exist at all, pose no significant functional loss.
 
 
 17
 Howard's third and final argument is that his case should be remanded to the Appeals Council because of certain additional psychiatric reports which state that Howard is totally disabled. He asserts that recent reports concerning his alleged "bad nerves" contain data which warrant this court to order remand under 42 U.S.C. Sec. 405(g). Section 405(g) has been amended and this Court has recently restated the standard for remand in Willis v. Secretary of H.H.S., 727 F.2d 551 (6th Cir.1984). Under Willis "this court may remand the case only when claimant shows that (1) new material evidence is available and (2) good cause is shown for failure to incorporate such evidence into the prior proceeding. 42 U.S.C. Sec. 405(g)." Willis, 727 F.2d at 554. Howard fails to show good cause for why this evidence of his anxiety and depression was not presented at a prior proceeding. Indeed, the evidence he now wishes to present was in existence before the magistrate filed his recommendation and before the district court rendered its opinion. Howard's request for remand fails under the Willis test.
 
 
 18
 For all the reasons stated above, we affirm the decision of the district court.
 
 
 
 *
 The Honorable John Feikens, Senior United States District Judge for the Eastern District of Michigan, sitting by designation