876 F.2d 894
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles JONES, Plaintiff-Appellant,
v.
Otis R. BOWEN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 88-1621.
 United States Court of Appeals, Sixth Circuit.
 June 16, 1989.
 
 Before NATHANIEL R. JONES, WELLFORD and RALPH B. GUY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Charles Jones appeals the summary judgment of the district court in favor of the defendant-appellee, the Secretary of Health and Human Services ("Secretary"), in this action seeking review of the Secretary's decision denying plaintiff disability benefits. For the reasons that follow, we affirm.
 
 I.
 
 2
 Jones filed an application for disability benefits on May 29, 1986, alleging he was disabled due to arthritis and a stroke. The Secretary denied the application initially and upon reconsideration. Thereafter, Jones requested a hearing before an ALJ. On July 7, 1987, the ALJ rendered a decision of nondisability. The Secretary found that the medical evidence in the record establishes that Jones had hypertension, a history of systemic lupus erythematosus, and alcohol abuse. However, he concluded that Jones's impairments neither met nor equalled any impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix I (1987).
 
 
 3
 Thereafter, plaintiff commenced this action under 42 U.S.C. Sec. 405(g) in the United States District Court for the Eastern District of Michigan. The case was referred to a magistrate for findings of fact, conclusions of law and recommendations pursuant to 28 U.S.C. Sec. 636(b)(1)(B) (1982). The magistrate determined that substantial evidence did not support the ALJ's finding that Jones was capable of performing a full range of sedentary work. The Secretary timely filed objections to the magistrate's report and recommendation. On June 6, 1988, the district court reviewed the matter de novo and rejected the magistrate's recommendation, holding that substantial evidence supported the Secretary's conclusion that Jones retained the residual functional capacity to perform a full range of sedentary work and that he was not disabled. This timely appeal followed. Subsequent to filing this appeal, counsel for claimant submitted additional evidence concerning plaintiff's medical condition after the Secretary's decision of July 7, 1987. The additional medical evidence refers to Jones's hospitalization and the conditions leading up to his death in August 1988.
 
 
 4
 Jones was born on October 16, 1936 and was 50 at the time of the Secretary's decision. He worked as a butcher from 1959 until December 1985. The relevant medical reports are summarized below.
 
 
 5
 Dr. J. Rosenthal began treating Jones in January 1986. The medical evidence indicates that the latter complained of pain and swelling of his hands, lower back and hip, as well as leg pain and some fingertip numbness. Also, there was swelling of Jones's interphalangeal joints and wrists, and some swelling and crepitant motion of his right knee. Dr. Rosenthal found that Jones had systemic lupus erythematosus, hypertension, heptomagaly, a history of pancreatitis and disc disease.
 
 
 6
 In March 1986, Jones was hospitalized because of acute confusional state and "for weakness with inability to ambulate without falling." J.App. at 14. A CT scan showed no lesions but did indicate marked hydrocephalus. Two additional CT scans were taken. The ALJ noted that the results of those tests "showed mild disturbance of brain function compatible with the encephalophatic process which was either ischemic or degenerative disease; however these findings were non-specific and were to be corrected clinically." Id. at 14.
 
 
 7
 Upon Jones's discharge from the hospital, Dr. Cecil Buot, plaintiff's treating physician, noted that he showed little signs of improvement, and continued to experience pain as a result of swelling of his fingers, wrists, knees and elbows. Dr. Buot felt that Jones was unable to engage in substantial gainful activity, given the diagnosis presented upon his discharge in March 1986. In December 1986, Dr. Buot noted that chest x-rays showed pulmonary scarring, and that x-rays revealed only minimal degenerative changes of the lumbosacral spine.
 
 
 8
 On June 20, 1986, Dr. Rosenthal noted that x-rays of the pelvis and knees were negative, although there was some osteoarthritic changes in Jones's hands and wrists. Further, Dr. Rosenthal indicated that plaintiff had shown signs of Raynaud's phenomenon, and reported a loss of grip strength. Also, Dr. Rosenthal noted a loss of gross dexterity but not fine dexterity.
 
 
 9
 In July 1986, Dr. P. Shah, a consultative physician for the Secretary, examined Jones and found a normal range of motion of the cervical spine, shoulder, elbows, and wrists. Although grip strength in both hands was poor, Dr. Shah found there was minimal synodal thickening of the hand and fingers. Furthermore, Dr. Shah noted there was no edema, cyanosis or clubbing in the extremities. Also recorded was the fact that Jones had a history of lupus arthritis, systemic lupus erythematosus, but Dr. Shah observed that Jones's ranges of motion were within the normal limits. Finally, Dr. Shah noted that his blood pressure was very high.
 
 
 10
 The medical evidence also includes a psychiatric evaluation by Dr. Gordon Forrer in July 1986. The report shows no medically determinable mental impairment, although there were some "rather minor suggestions" of an organic brain syndrome. J.App. at 167.
 
 
 11
 Dr. Rosenthal completed another report for the Michigan Disability Determination Services on August 26, 1986. He indicated that there was some tenderness and swelling in Jones's wrists, right knee and joints and that his gross motor dexterity was impaired.
 
 
 12
 Dr. Benjamin Lewis, the medical advisor, reviewed the medical evidence in the record and testified at both hearings. Noting that the only "observable deformity" regarding Jones's hands was the proximal interphalangeal joint on the middle finger of his right hand, Dr. Lewis testified at the first hearing that none of the plaintiff's impairments met or equalled the Secretary's listings.
 
 
 13
 At the supplemental hearing, Dr. Lewis testified that Jones had elevated blood pressure; that he had been hospitalized in March 1986 partly as a result of hypertension and alcohol abuse; and that systemic lupus erythematosus limited plaintiff to sedentary work in an environment that did not involve exposure to sunlight or cold. Also, Dr. Lewis was of the opinion that there was no medical evidence supporting the diagnosis that Jones had disc disease.
 
 II.
 
 14
 Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper criteria in reaching those findings. Gibson v. Secretary of Health, Education & Welfare, 678 F.2d 653, 654 (6th Cir.1984). Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389 (1971). We do not review the evidence de novo, make credibility determinations nor weigh evidence. Reynolds v. Secretary of Health & Human Services, 707 F.2d 927 (6th Cir.1983). Finally, this court must examine the evidence taken as a whole and must not focus and base its decision on one piece of evidence while disregarding other pertinent evidence. Duncan v. Secretary of Health & Human Services, 801 F.2d 847 (6th Cir.1986).
 
 
 15
 On appeal, the plaintiff challenges the Secretary's determination that Jones has the capacity to perform a full range of sedentary work. In particular, he contends that this determination did not take into account the opinion of a treating physician which indicated his inability to engage in substantial gainful activity. Because Jones suffers from impairments that restrict a full range of work at the sedentary capacity level, he asserts his disability.
 
 
 16
 We reject Jones's contention that he is unable to perform a full range of sedentary work. The district court determined that substantial evidence supports the Secretary's finding that Jones has the residual functional capacity to perform sedentary work.
 
 
 17
 Jones next argues that he has "documented" reasons for his complaints of pain in his knees, legs, hands and back. In Duncan v. Secretary of Health & Human Services, 801 F.2d 847, this court established a two-prong test for proving pain which is disabling:
 
 
 18
 First, we examine whether there is objective medical evidence of an underlying condition. If there is, we then examine: (1) whether the objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such severity that it can be reasonably expected to produce disabling pain.
 
 
 19
 Duncan, 801 F.2d at 853.
 
 
 20
 In this case, the objective medical evidence satisfies the first prong of the Duncan test. However, we find that there is insufficient evidence to satisfy the second prong of the test. Specifically, while systemic lupus erythematosus and mild osteoarthritis normally produce some pain, the neurological, clinical and other objective medical evidence failed to confirm pain of such severity that it could be expected to produce disabling pain.
 
 III.
 
 21
 In this case, his counsel submitted additional evidence concerning the plaintiff's medical condition subsequent to the Secretary's decision on July 7, 1987. The additional medical evidence refers to Jones's hospitalization for treatment of esophageal cancer and the conditions leading up to his death on August 25, 1988. Rule 10(a) of the Federal Rules of Appellate Procedure provides that the record on appeal shall consist of those papers and documents filed in the district court.
 
 
 22
 The proper course for requesting that this case be remanded to the Secretary, see Park v. Harris, 614 F.2d 83, 84 (5th Cir.1980), was not followed. The Secretary argues that this court's consideration of the evidence would constitute an initial decision and accordingly is precluded by 42 U.S.C. Sec. 405(g).
 
 
 23
 It is well-established that the party seeking remand bears the burden of showing that a remand is proper under section 405(g). Willis v. Secretary of Health & Human Services, 727 F.2d 551 (6th Cir.1984). This court may remand the case only when the claimant shows that (1) new material evidence is available, and (2) good cause exists for failure to incorporate such evidence in the prior administrative proceeding. Id. at 554. There has been a failure by Jones to meet his burden.
 
 
 24
 Thus, we find that there was no evidence of cancer of the esophagus at the time of the ALJ's decision and a review of the hospital integrated progress notes for August 8, 1988, see Appellant's Reply Br. at 3-5, shows that Jones's symptoms had begun only several months prior to that date. A remand would be required to supplement the record.
 
 
 25
 Because plaintiff acquired a new condition after the onset of his other conditions and because Jones has not proffered new evidence related to his condition at the time of the Secretary's decision, the request for a remand is accordingly denied. Our decision, however, does not preclude counsel for Jones from submitting a new petition to the Secretary for the alleged period of disability beginning with the onset of Jones's cancer of the esophagus.
 
 
 26
 The judgment of the district court is AFFIRMED.