917 F.2d 1305
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Donald G. SAILING, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 90-5156.
 United States Court of Appeals, Sixth Circuit.
 Nov. 6, 1990.
 
 Before MILBURN, BOGGS and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellant applied for social security disability benefits in March 1987 after he injured his back on October 1984 and underwent a lumbar diskectomy on November 3, 1984. The administrative law judge found appellant capable of doing light work and denied benefits. After unsuccessful recourse to the Appeals Council, appellant filed suit in the United States District Court for the Western District of Kentucky. The district court granted summary judgment in the Secretary's favor on January 10, 1989 pursuant to the recommendation of a magistrate. This appeal followed.
 
 
 2
 On January 29, 1990, a second surgical procedure was performed on appellant. A surgical device was implanted in his back as a treatment for severe sciatica and post-laminectomy syndrome. Following the operation, plaintiff filed with this court a motion to remand the case to the Secretary for consideration of additional evidence under 42 U.S.C. Sec. 405(g). The motion was accompanied by an affidavit in which appellant stated that he had been advised by his doctor that the implant would prevent him from doing any lifting or exerting, i.e. from doing light work. By order dated April 6, 1990, the motion was referred for decision to the panel hearing the appeal.
 
 
 3
 We affirm the summary judgment granted appellee and deny appellant's motion for remand.
 
 
 4
 * Appellant, a bulldozer operator, injured his back when his machine fell into a hole. After a period of treatment following the lumbar diskectomy in 1984, he applied for disability benefits, maintaining that he suffered from degenerative disc disease, ischemic heart disease, and chronic pulmonary disease.
 
 
 5
 At the hearing, appellant testified that he could lift approximately 30 to 40 pounds, stand for one hour, and walk short distances. The ALJ found no clinical evidence of ischemic heart disease, but did find that appellant had a severe musculoskeletal impairment as the result of his back injury and subsequent surgery. On the basis of this finding of impairment, the ALJ concluded that appellant was unable to return to his past relevant work as a bulldozer operator, ice cream vendor, or tire changer. However, on the basis of appellant's own testimony as to his ability to lift, stand, and walk, the ALJ also found that appellant was capable of doing light work as defined in 20 C.F.R. 404.1567(b). Appellant was therefore declared not disabled, pursuant to 20 C.F.R. Secs. 404.1520(f) & 416.920(f).
 
 
 6
 Appellant relies on Miracle v. Celebrezze, 351 F.2d 361 (6th Cir.1965) to dispute this result. Miracle holds that a person who is unable to engage in any substantial gainful activity except in great pain is "disabled for purposes of the Social Security Act." Id. at 374. Appellant appears to be arguing that he is disabled by back pain and that the evidence to the contrary is insubstantial.
 
 
 7
 This argument is unavailing. Under the circumstances of this case, if appellant is to be declared disabled, the administrative law judge must find that appellant's impairments prevent him from doing any other work. See generally 20 C.F.R. Sec. 404.1520(a)-(e); Mullins v. Secretary of Health & Human Services, 836 F.2d 980, 982-83 (6th Cir.1987). The finding of the ALJ that appellant is capable of doing light work cannot be overturned by this court if it is supported by such relevant evidence as a reasonable mind might accept as adequate to support a conclusion 42 U.S.C. Sec. 405(g); McCormick v. Secretary of Health & Human Services, 861 F.2d 998, 1001 (6th Cir.1988).
 
 
 8
 The ALJ's finding that appellant can do light work is supported by appellant's own testimony. Hence we can do nothing but affirm.
 
 II
 
 9
 Appellant's second prayer for relief asks this court to remand his case to the ALJ for further consideration in the light of evidence of the deterioration in his condition following the surgical implantation of a pain-killing device. This second back operation took place after the ALJ rendered his decision and after his insured status had expired.
 
 
 10
 42 U.S.C. Sec. 405(g) provides that a court may remand a case for consideration of additional evidence on the motion of the Secretary or on its own motion. Although the decision to remand is within the sound discretion of the court, the history of the 1980 amendments to subsection (g) indicates that remand is to be limited to cases in which the new evidence is material and the there was good cause for failure to incorporate it into the record in a prior proceeding. Willis v. Secretary of Health & Human Services, 727 F.2d 551, 553-54 (1984).
 
 
 11
 Appellant persuasively argues that there is good cause for the tardiness of his evidence. The evidence did not exist, since the implant was performed several months after the administrative hearing. Nonetheless, appellant's case does not satisfy the materiality criterion.
 
 
 12
 In order to satisfy his burden of proof as to materiality, appellant must demonstrate that there was a reasonable probability that the administrative law judge would have reached a different conclusion if presented with the new evidence. Sizemore v. Secretary of Health and Human Services, 865 F.2d 709, 711 (6th Cir.1988)
 
 
 13
 In applying this standard, the Sixth Circuit has distinguished between new evidence of the claimant's condition at the time of the administrative hearing and evidence of a subsequent deterioration or change in his condition. See Sizemore, 865 F.2d at 712. The former is deemed material; the latter is not. Accord ibid.
 
 
 14
 At first inspection, appellant's argument for remand seems to be that subsequent to the administrative hearing he underwent an operation that rendered him incapable of performing light work. Hence, he presents evidence of a deterioration or change in his condition subsequent to the ALJ's determination. The offer of such evidence will not support remand. The appropriate course is to file a new claim. Sizemore, 865 F.2d at 712. Denial of remand in itself will not prejudice a new claim. Id.
 
 
 15
 On the other hand, appellant may argue that the operation itself is evidence of back pain at the time of the hearing more severe than that found by the ALJ. Construed in this way, such evidence might be relevant to the claimant's condition at the time of the hearing. The issue, however, is whether it would be material.
 
 
 16
 Occasionally the courts speak of pain itself as severely disabling. E.g., Miracle, 351 F.2d at 374. This is somewhat inaccurate. The term "disabled" as it is used in Social Security law means that a claimant has been found "severely impaired" and without the "residual functional capacity" either to return to his former employment or to perform any other work. See generally 20 C.F.R. Sec. 404.1520(a)-(e).
 
 
 17
 Evidence of pain, when appropriately supported by objective medical evidence, may establish "severe impairment." Accord Hephner v. Mathews, 574 F.2d 359, 361 (6th Cir.1978) ("A prima facie case is established if the claimant [suffering from back pain due to degenerative disc disease] shows a medical basis for an impairment that prevents him from engaging in a particular occupation."). Proof of this sort also goes to the issue of "residual functional capacity." Accord id. at 362 ("Once a prima facie case is established [by evidence of pain], the burden shifts to the Secretary to show that the claimant, in his physicial condition, can perform other substantial gainful work and that there are jobs in the national economy which claimant can perform.").
 
 
 18
 Therefore, the materiality of appellant's new evidence turns on the issue of whether or not it would disturb the ALJ's assessment of the severity of claimant's impairments and the extent of his residual functional capacity. The question must be answered in the negative.
 
 
 19
 The ALJ found the claimant severely impaired. No new evidence on that point could advance claimant's cause. The ALJ also found, on the basis of claimant's own testimony, that he could lift 30 to 40 pounds, even after his diskectomy. Hence, claimant's own testimony establishes his residual functional capacity to do light work despite his back pain. Additional evidence of the extent of his pain is unlikely to disturb that finding.
 
 
 20
 For the foregoing reasons, we AFFIRM the judgment of the district court and DENY appellant's motion to remand.