932 F.2d 969
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Alicia Ann ROBINSON, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 90-2304.
 United States Court of Appeals, Sixth Circuit.
 May 15, 1991.
 
 Before KENNEDY and BOYCE F. MARTIN, Jr., Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Alicia Ann Robinson appeals pro se from the district court's judgment which affirmed the Secretary's decision denying her application for Social Security disability benefits under 42 U.S.C. Sec. 423. Her case has been submitted to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, the panel unanimously concludes that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Robinson alleged that she became disabled on March 5, 1980, due to anxiety, depression, and pain in her pelvis and back. An administrative law judge (ALJ) issued an opinion that denied Robinson's claim after finding that she could perform her past work as a secretary. The ALJ's opinion became the final decision of the Secretary on December 21, 1989, when the Appeals Council denied Robinson's request for further review. On October 1, 1990, the district court adopted a magistrate's recommendation and granted the Secretary's motion for summary judgment. It is from this judgment that Robinson now appeals.
 
 
 3
 The standard of review that applies to Robinson's case was articulated by this court in Brainard v. Secretary of Health and Human Services, 889 F.2d 679 (6th Cir.1989) (per curiam).
 
 
 4
 Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching her conclusion. Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The scope of our review is limited to an examination of the record only. We do not review the evidence de novo, make credibility determinations nor weigh the evidence. Finally, where a party presents new evidence on appeal, this court can remand for further consideration of the evidence only where the party seeking remand shows that the new evidence is material and that there was good cause for not presenting the evidence in a prior proceeding.
 
 
 5
 Id. at 681 (citations omitted).
 
 
 6
 The evidence submitted at Robinson's administrative hearing was sufficient to support the Secretary's decision denying benefits. Robinson testified that it was painful to write or type, that it was uncomfortable to sit for any length of time, and that her medication made her slow and disorganized. However, the ALJ found that Robinson's testimony regarding the severity of her alleged impairments was not credible. This finding is supported by the medical evidence that was submitted at Robinson's hearing. See Bradford v. Secretary of Health and Human Services, 803 F.2d 871, 873 (6th Cir.1986) (per curiam). The evidence indicated that Robinson had been treated for a head trauma, an intrauterine pregnancy and anemia in late 1978, and that she was treated for lumbosacral strain in 1981. All of the other medical evidence which was submitted at the hearing described Robinson's condition after the expiration of her insured status in 1984. This evidence is not determinative of Robinson's eligibility for benefits on June 30, 1984, when she last met the earnings requirement of the Social Security Act. See Higgs v. Bowen, 880 F.2d 860, 862 (6th Cir.1988) (per curiam).
 
 
 7
 While the medical reports prior to June of 1984 note Robinson's complaints of pain, they also indicate normal strength, neurology and range of motion. An x-ray of her lumbar spine on June 7, 1984 was "unremarkable." These reports provide substantial evidence to support the ALJ's finding that Robinson's alleged pain was not completely credible. Although there was objective evidence of an underlying medical condition, the severity of the alleged pain was not confirmed by objective evidence and the condition was not so severe that it would reasonably be expected to produce such pain. See Young v. Secretary of Health and Human Services, 925 F.2d 146 (6th Cir.1990). In addition, there was substantial evidence to support the ALJ's finding that Robinson did not have a severe emotional impairment, even though the medical reports did note some depression associated with her physical problems. An alleged mental impairment "must be established by medical evidence consisting of clinical signs, symptoms and/or laboratory or psychological test findings." Moon v. Sullivan, 923 F.2d 1175 (6th Cir.1990) (quoting 20 C.F.R. Pt. 404, Subpt. P, App. 1, Sec. 12.00(B)). As in Moon, Robinson's alleged depression is not supported by sufficient medical evidence during the time that she was insured.
 
 
 8
 Robinson argues that her case should be remanded to the Secretary for consideration of additional evidence that was not presented at her administrative hearing. This evidence consists of a report from Dr. Gupta dated December 16, 1978, a report from the Henry Ford Hospital dated at various times in 1980-1981, and a report from the Northland Clinic dated June 1990. Dr. Gupta diagnosed Robinson as having an adjustment reaction, apparently relating to her automobile accident and subsequent abortion. The reports from the Henry Ford Hospital, while incomplete and difficult to read, corroborate Robinson's complaints of pelvic pain and depression. However, the Northland Clinic report is not relevant to Robinson's present claim because she was not evaluated there until September 23, 1986. See Estep v. Weinberger, 525 F.2d 757, 758 (6th Cir.1975) (per curiam).
 
 
 9
 The court may remand a case to the Secretary for consideration of additional evidence at any time, "but only upon showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." Oliver v. Secretary of Health and Human Services, 804 F.2d 964, 966 (6th Cir.1986) (quoting 42 U.S.C. Sec. 405(g) (1982) (emphasis in Oliver )). The reports of Dr. Gupta and of the Henry Ford Hospital may be material; however, Robinson has not shown good cause for omitting this evidence from the original record. See Willis v. Secretary of Health and Human Services, 727 F.2d 551, 553-54 (6th Cir.1984) (per curiam). Robinson was represented by counsel at her administrative hearing, at the Appeals Council, and at the district court. Nevertheless, as in Willis, she offers no explanation as to why the additional evidence could not have been presented to the ALJ, and she did not seek to have the record remain open so that the evidence could be included at a later date. Id. at 554.
 
 
 10
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit