47 F.3d 1167
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Henry CODY, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 94-5539.
 United States Court of Appeals, Sixth Circuit.
 Jan. 30, 1995.
 
 1
 Before: JONES and MILBURN, Circuit Judges; and COHN, District Judge.*
 
 
 2
 Henry Cody appeals a district court judgment affirming the Secretary's denial of his applications for social security disability and social security supplemental income benefits. The parties have expressly waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Cody filed applications for social security disability and supplemental social security income benefits alleging that he suffered from a lung condition. Following a hearing, an administrative law judge (ALJ) determined that Cody was not disabled because he had the residual functional capacity to perform a significant number of jobs in the economy. The Appeals Council declined to review the ALJ's determination.
 
 
 4
 Cody then filed a complaint seeking review of the Secretary's decision. The district court affirmed the denial of benefits and granted judgment to the Secretary.
 
 
 5
 Upon review, we conclude that substantial evidence exists to support the Secretary's decision. Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam). Cody contends that the ALJ failed to give proper weight to his treating physician's opinion. The ultimate determination regarding disability remains with the Secretary, even if it is at odds with the opinion of a treating physician. Houston v. Secretary of Health and Human Servs., 736 F.2d 365, 367 (6th Cir.1984). The Secretary is not bound by the physician's opinion, even that of a treating physician, if there is substantial evidence to the contrary. Hardaway v. Secretary of Health and Human Servs., 823 F.2d 922, 927 (6th Cir.1987) (per curiam). As there is substantial evidence contradicting the treating physician's opinion that Cody is totally disabled, the Secretary was not bound by the physician's opinion. Furthermore, we note that the treating physician's own medical records contradict her opinion that Cody is totally disabled.
 
 
 6
 Cody contends that the ALJ did not consider his impairments in combination. However, the ALJ's opinion states that he considered all the medical evidence in the record. Therefore, the ALJ is presumed to have considered Cody's impairments in combination. See Gooch v. Secretary of Health and Human Servs., 833 F.2d 589, 592 (6th Cir.1987) (per curiam), cert. denied, 484 U.S. 1075 (1988).
 
 
 7
 Cody argues that the district court erred in not remanding the case back to the Secretary in light of new evidence. However, we conclude that the district court did not err in denying the motion to remand as Cody did not establish that the new evidence was material and that there was good cause for his failure to obtain the evidence prior to the Secretary's decision. 42 U.S.C. Sec. 405(g); Oliver v. Secretary of Health and Human Servs., 804 F.2d 964, 966 (6th Cir.1986); Willis v. Secretary of Health and Human Servs., 727 F.2d 551, 553-54 (6th Cir.1984) (per curiam).
 
 
 8
 Cody has moved this court to remand this appeal back to the Secretary in light of additional evidence which Cody's counsel has obtained. However, Cody has simply not established good cause to warrant a remand. The motion is meritless.
 
 
 9
 Finally, Cody argues for the first time in his reply brief that: 1) the Secretary's decision based upon the testimony of the vocational expert is not supported by substantial evidence; 2) the Secretary's residual functional capacity assessment was incorrect; and 3) the Appeals Council improperly rejected the report of vocational expert Danny Mahan. As these issues were not raised in Cody's appellate brief, they are not reviewable. See United States v. Perkins, 994 F.2d 1184, 1191 (6th Cir.), cert. denied, 114 S.Ct. 279 (1993); Val-Land Farms, Inc. v. Third Nat'l Bank, 937 F.2d 1110, 1114 (6th Cir.1991).
 
 
 10
 Accordingly, we deny the motion to remand and affirm the district court's judgment.
 
 
 
 *
 The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation