Lamar WILSON, Plaintiff-Appellant,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.

No. 83–3007.

United States Court of Appeals, Sixth Circuit.

Argued April 10, 1984.

Decided May 15, 1984.

Esther S. Weissman (argued), Esther S. Weissman Co., L.P.A., Cleveland, Ohio, for plaintiff-appellant.

Richard J. French (argued), Cleveland, Ohio, for defendant-appellee.

Before ENGEL and MARTIN, Circuit Judges, and WEICK, Senior Circuit Judge.

BOYCE F. MARTIN, Jr., Circuit Judge.

Plaintiff, Lamar Wilson, appeals the Secretary's denial of his application for disability and disability insurance benefits brought pursuant to 42 U.S.C. § 416(i) and 423. An administrative law judge found that the medical evidence in the record and the claimant's subjective testimony did not establish Wilson's disability. This determination was upheld by the Appeals Council. On review, a United States Magistrate found that there was substantial evidence to support the Secretary's decision and Wil-

son had not satisfied his burden of showing "good cause" to justify a remand to the Secretary for the taking of additional evidence. These findings were adopted by the district court. We reverse. *See* 42 U.S.C. § 405(g).

Lamar Wilson was born on August 16, 1928. He finished high school by a correspondence course when he was forty years old. He had worked for the East Ohio Gas Company for twenty-two years as a pipe fitter. His work as a pipe fitter was described as heavy, skilled labor. He has not worked since January 19, 1980. Presently, he is able to care for his personal needs and assist with his family's grocery shopping, but is able to do little else around the house. He spends most of his day watching television, reading, and entertaining friends who visit him.

Wilson describes his medical condition as "a lot of pain ... in the rib" and back, shortness of breath and "[j]ust tired feeling." He has had a rib removed and been told that he has emphysema. Although he was advised to quit smoking, he has yet to stop. He stated he could cumulatively sit for six to four hours, and walk for a half-hour in a typical eight-hour day. After a de novo hearing, the administrative law judge found that Wilson suffers from mild obstructive lung disease, lumbosacral strain, gastrointestinal problems and minimal fatigue. Further, it was determined that claimant could no longer perform his normal work. However, the administrative law judge concluded that, based on the testimony of a vocational expert and the claimant himself, Wilson retained the functional capacity to perform a wide range of sedentary work. The administrative law judge then found that in light of Wilson's age, education, work experience, and residual functional capacity to perform sedentary work, the "grids" mandated a finding of "not disabled." *See* 20 C.F.R. Appendix 2, SubPart P, Table No. 1, Rule 201.15. These findings were upheld by a United States Magistrate on an Order of Reference by the district court.

On appeal, Wilson challenges the district court's failure to remand his case to the Secretary for the taking of additional evidence. 42 U.S.C. § 405(g) provides, in part, that:

> The Court may ... at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.

Here, Wilson points to two medical records to justify remanding his case to the Secretary. The first exhibit is a report from the Cleveland Clinic Foundation. Wilson first checked into the clinic on November 11, 1981, because of persistent left rib pain. He continued his visits to the clinic through March 5, 1982. The report notes that Wilson suffers from "mild obstructive pulmonary disease of the bronchitic type with small airway involvement." It also noted no improvement in his respiratory condition after bronchodilators, evidence of hypoxemia and a significantly elevated $CO_2$ saturation level. In response to Wilson's respiratory problems, he was prescribed Quadrinal.

The second record is a letter from Dr. Robert Wido, an orthopedic surgeon at the Cleveland Clinic, dated May 12, 1980. Dr. Wido reports that Wilson's "straight leg raising is positive on the right at 60 degrees and negative on the left. Deep tendon flexes are normal 2 + in the patellar area and absent bilaterally in the Achilles area." Dr. Wido also states that Wilson has hypestesia of the plantar surface on the foot on the medial side in the great toe and marked degenerative disc disease at L5–51 with some osteoarthritis to the lumbosacral spine and impingement of the nerve at this level.

After a review of the record, we believe these two medical reports contain new material evidence to justify remanding Wilson's case to the Secretary. Initially, we note that "good cause" exists for failing to introduce these records at Wilson's administrative hearing because of their unavailability at that time. As noted, Wilson

checked into the Cleveland Clinic on November 11, 1981, five months after his administrative hearing because of persistent left rib pain. He continued his treatment at the clinic for an additional five months. Hence, the additional medical records were compiled after Wilson's administrative hearing and could not have been introduced there. *Cf. Ward v. Schweiker*, 686 F.2d 762, 764 (9th Cir.1982); *Georg v. Schweiker*, 643 F.2d 582, 584 (9th Cir.1981).[1]

We also find the newly-submitted records to be material evidence bearing directly on issues decided below. First, the report from the clinic reaffirms the existence of Wilson's respiratory impairment. More importantly, however, it notes Wilson was prescribed Quadrinal to help relieve his respiratory problems. This is important because the administrative law judge based his denial of benefits, in part, on the fact that Wilson's respiratory condition was not serious enough to require medication. Even without the new clinical report, the administrative law judge's finding that Wilson lacks a "medically determinable [respiratory] impairment" is questionable at best. The addition of the new report convinces us that claimant has satisfied the burden of 42 U.S.C. § 405(g) to warrant a remand of his case.

Similarly, the second item, Dr. Wido's report, also contains additional material evidence bearing on the seriousness of Wilson's medical condition. In his report, Dr. Wido specifically states that claimant has "marked degenerative disc disease at L5–51 as well as some impingement of the nerve at this level." This medical finding provides undisputable evidence that undercuts with the administrative law judge's finding that Wilson's file "did not indicate ... a confirmed diagnosis of disc disease."

In sum, we believe Wilson has satisfied the requirements of 42 U.S.C. § 405(g) to justify a remand of his case to the Secretary for the taking of additional evidence.

Accordingly, the decision of the district court upholding the Secretary's denial of benefits is reversed, and the case is remanded for the taking of additional evidence.

---

1. Wilson did submit the records to the Appeals Council.