767 F.2d 920
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JOHN R. FREEMAN, PLAINTIFF-APPELLANT,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, DEFENDANT-APPELLEE.
 NO. 84-1636
 United States Court of Appeals, Sixth Circuit.
 6/13/85
 
 1
 W.D.Mich.
 
 AFFIRMED
 ORDER
 
 2
 BEFORE: KENNEDY and MILBURN, Circuit Judges; and RUBIN, Chief District Judge.*
 
 
 3
 Freeman appeals from the district court's grant of summary judgment in favor of the Secretary in this Social Security disability case. The district court affirmed the Secretary's holding that Freeman was not suffering from a severe impairment. This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 4
 Freeman is 39 years old and has worked as a punch operator and as an employee at a saw mill. He completed the eighth grade, but is illiterate. His medical condition consists of a back problem and a lung deficiency which causes breathing difficulties. The ALJ found that Freeman does not have any impairment or impairments which significantly limit his ability to perform basic work-related functions. Therefore, the plaintiff is not severely impaired. The ALJ relied heavily on the plaintiff's testimony and admission that he could do sedentary work, and would have continued to perform his previous employment if work had been available.
 
 
 5
 After appealing to this Court, the plaintiff moved this Court for a remand to have new and material evidence considered by the Secretary. We find that the additional evidence, which consists of a one paragraph medical report, is partially cumulative. In addition, we conclude that the plaintiff lacks good cause to substantiate his failure to provide the evidence during the initial proceedings. Willis v. Secretary of Health and Human Services, 727 F.2d 551, 554 (6th Cir. 1984). Moreover, the evidence is insufficient in detail to be considered material. Wilson v. Secretary of Health and Human Services, 733 F.2d 1181 (6th Cir. 1984); Salinas v. Schweiker, 662 F.2d 345, 347 n. 2 (5th Cir. 1981).
 
 
 6
 The standard of review in a Social Security case is whether the Secretary's decision is supported by substantial evidence. Kirk v. Heckler, Secretary of Health and Human Services, 667 F.2d 524 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983); 42 U.S.C. Sec. 405(g) (judicial review of Title II decision requires substantial evidence). After a careful examination of the administrative record, we agree with the district court that the Secretary's decision is supported by substantial evidence.
 
 
 7
 The plaintiff's motion for a remand is hereby denied. The judgment of the district court is affirmed under Rule 9(d)(3), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.
 
 
 
 *
 The Honorable Carl B. Rubin, Chief U.S. District Judge for the Southern District of Ohio, sitting by designation