787 F.2d 589
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ARTIS FLANAGAN, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 85-1701
 United States Court of Appeals, Sixth Circuit.
 3/7/86
 
 AFFIRMED
 E.D.Mich.
 ORDER
 BEFORE: ENGEL, KENNEDY and CONTIE, Circuit Judges.
 
 
 1
 This matter is before the Court on appellant's motion to remand this Social Security disability case for consideration of new evidence. The government has filed a response in opposition to the motion to remand. This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record and appellant's brief, this panel agrees unanimously that oral argument is unnecessary. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Appellant, Artis Flanagan, Jr., filed his complaint on July 18, 1984, in which he sought judicial determination that the Social Security Administration had erred in finding that he was not disabled. Appellant's initial complaint was that he was disabled because of acute depression but he later noted that his disability was also due to back problems. The matter was referred to a magistrate who determined that the record contained sufficient evidence to uphold the Administrative Law Judge's conclusion that appellant was not disabled. After considering appellant's objections to the magistrate's report, the district court adopted that report and entered judgment in favor of the government. Appellant timely appealed and now seeks remand for consideration of evidence concerning appellant's most recent hospitalization for depression.
 
 
 3
 This Court may remand a disability benefits case only when a litigant establishes that new material evidence is available and shows good cause for failure to incorporate such evidence into prior proceedings. Willis v. Secretary of Health and Human Services, 727 F.2d 551 (6th Cir. 1984). The evidence appellant herein has proffered concerns his hospital admission of February 4, 1985. At the time of that hospitalization, appellant's case was pending in the district court; the magistrate did not issue his report until June, 1985. It is difficult to conclude that this proferred evidence is new within the meaning of Willis, supra, since it was available prior to the district court's rendering final judgment. Likewise, it is difficult to conclude that this 'new' evidence is material since the administrative record is replete with appellant's prior hospitalization summarizes which clearly indicate that he had been treated for recurring depression episodes. Finally, appellant does not make a showing of good cause for failing to incorporate this newly tendered evidence into prior proceedings. Appellant simply states that the hospitalization records were requested but not received until August 5, 1985. However, he offers no explanation as to why those records were not or could not have been obtainable prior to August 5, 1985. It is concluded that the motion to remand be denied. Willis, supra; Wilson v. Secretary of Health and Human Services, 733 F.2d 1181 (6th Cir. 1984).
 
 
 4
 With respect to the merits of the appeal, the standard of review of a denial of Social Security Disability benefits is whether there is substantial evidence to support the Secretary's denial of benefits. Richardson v. Perales, 402 U.S. 389 (1971); Kirk v. Secretary of Health and Human Services, 667 F.2d 524 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). The magistrate found that the record established that appellant had been hospitalized several times for acute depression with his treating psychiatrist rendering a guarded prognosis. The medical evidence of record is void of any indication that any of the physicians who treated or evaluated appellant thought appellant was disabled. As noted by the magistrate, there is no medical opinion that appellant is unable to perform any work; this is equally applicable to appellant's back problems. In short, the record is lacking any evidence that appellant is disabled; therefore, it is concluded that there is substantial evidence to support the Secretary's determination that appellant is not disabled.
 
 
 5
 It appears that the questions on which this cause depends are so unsubstantial as to not need further argument. Rule 9(d)(3), Rules of the Sixth Circuit. Therefore, it is ORDERED that the motion to remand be denied and the final judgment of the district court be affirmed.