802 F.2d 458
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael KOULIZOS, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 85-1654.
 United States Court of Appeals, Sixth Circuit.
 Aug. 19, 1986.
 
 Before KENNEDY, WELLFORD and BOGGS, Circuit Judges.
 PER CURIAM..
 
 
 1
 Claimant Michael Koulizos seeks review of the decision of the Secretary of health and Human Servies ("the Secretary") that he is not disabled and therefore not entitled to a period of disability or disability insurance benefits under sections 216(i) and 223, respectively, of the Social Security Act, 42 U.S.C. Secs. 416(i), 423. In the alternative, claimant seeks remand to the Secretary for consideration of new evidence. Because there is substantial evidence to support the Secretary's determination of no disability, we affirm the judgment of the District Court, which adopted the magistrate's report and recommendation, denied claimant's motions for summary judgment and for remand, and dismissed his cause of action.
 
 
 2
 Koulizos filed an application for benefits on March 10, 1983, alleging that he became disabled and unable to work on April 5, 1982 due to lower back pain, neurogenic low back pain, and a possible herniated disc. Benefits were denied initially and upon reconsideration by the Social Security Administration. Claimant requested a hearing before an administrative law judge ("ALJ"). The ALJ found that plaintiff retained the residual functional capacity to perform his past relevant work as a driver and was therefore not disabled. The Appeals council denied review and the present action followed.
 
 
 3
 Koulizos was born May 4, 1930 in Greece. claimant "almost" completed high school in Greece and indicated that although he can read a little English, he cannot write in English. He worked at a General Motors plant in Ypsilanti, Michigan from 1969 until April 5, 1982 on the assembly line, as a utility man and as a driver. He was hospitalized April 23, 1992 after allegedly injuring his back at work. Claimant was again hospitalized on August 30, 1982 with complaints of low back pain. X-rays of the lumbosacral spine revealed only minor degenerative changes, less than those often seen in claimant's age group. A lumbar myelogram revealed no abnormalities, nor did two electromyographic studies (EMGs). Claimant's treating phvsician, Dr. Athar Siddiqui, an internist, diagnosed neurogenic low back pain and opined that claimant is totally disabled. Claimant's chiropractor, Dr. A. Carlon O'Dell, diagnosed acute strain or sprain to muscles and ligaments and also concluded that claimant was disabled. Claimant was also examined by Dr. Theodore M. Cole at University Hospital in Ann Arbor, who diagnosed chronic pain syndrome involving emotional problems. Claimant refused psychiatric evaluation, however.
 
 
 4
 The Secretary argues that claimant is capable of returning to his past relevant work as a driver. Substantial evidence supports this conclusion. Koulizos testified that he had held that job for over a year. The job required him to drive a car from the assembly line to a certain destination within the facility and walk back to the assembly line to drive away another car. The process is repeated up to 150 times a day according to claimant. In an eight-hour shift, therefore, Koulizos would be expected to drive away up to 19 cars per hour. He then would have to walk back, a distance of up to 200 yards, according to his testimony. This job would allow claimant the sit/stand option suggested by his physician, and would not involve the twisting, bending or lifting from which he is restricted. Claimant testified that he could walk about a block without difficulty. He further testified that when he returned to the plant after his hospitalizations, medically restricted to certain kinds of work, he did not work as a driver because of seniority. Inability to work because of seniority is irrelevant for Social Security purposes. 20 C.F.R. Sec. 404.1566(c).
 
 
 5
 Koulizos further contends that his case should be remanded for consideration of new evidence. The standard for remand in such a case is set out in 42 U.S.C. Sec. 405(g). The section provides that a reviewing court may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new material evidence and that there is good cause for the failure to previously incorporate the evidence into the record. The magistrate considered this request in light of two Sixth Circuit decisions, Willis v. Secretary of Health and Human Services, 727.F.2d 551 (6th Cir. 1984) and Wilson v. Secretary of Health and Human Services, 733 F.2d 1181 (6th Cir. 1984). The test gleaned from these cases is that good cause is shown for remand if the new evidence arises from continued medical treatment of the condition, and was not generated merely for the purpose of attempting to prove disability. The new evidence in this case is General Motors' notice of total and permanent disability and the hospital records upon which that determination was based. We agree with the magistrate that this evidence was generated to prove disability, and was not necessitated by claimant's ongoing treatment. Accordingly, we affirm the District Court's denial of claimant's motion to remand.
 
 
 6
 For the reasons discussed above, we affirm the judgment of the District Court dismissing claimant's complaint.
 
 
 7
 WELLFORD, Circuit Judge, dissenting.
 
 
 8
 The basis for the denial of benefits in this case of back and leg problems with accompanying complaints of severe pain was that claimant, a fifty-three year old man who could not write any English, had the capacity to do his "past relevant work ... as a driver" for General Motors at its automotive assembly plant near Detroit. J/A 17, 18, (decision of Administrative Law Judge Morad). The record reflects that Koulizos acted as a driver for over a year during 1980 or 1981, before he slipped at work and was injured in April 1982. Due to lack of seniority apparently he was unable to return to his driver position. He testified, and there is no evidence to the contrary, that he could walk about a block at a time, but became "very tired" if he walks further after his 1982 injury. His doctors restricted his activities with regard to twisting, bending or lifting after that time and he was unable to do assembly line or utility man work at the plant to which he was assigned.
 
 
 9
 Koulizos described again, without contradiction, what his work as a driver entailed. He picked up and drove cars from the line at the plant to an appointed destination some 120 to 150 times a day. This involved "in some cases" walking about 200 yards to return to pick up another car to drive. J/A at 46. He said that sometimes he had "to go very fast and very hard ... like lots of pressures," and sometimes to return after a delivery to the line he had to walk more than 200 yards. J/A at 46, 47. The ALJ relied upon the opinion of Dr. Cole of the University of Michigan Hospital in late 1982 that there was no disabling physical impairment. Dr. Cole, however, noted that claimant's "chronic pain syndrome" is "bound up in an emotional reaction", that he had a "giveway weakness" in his right leg that was "rachet like," that he had an atrophy of his left arm, probably due to polio, that he had "tenderness" in his lumbar muscles, more marked on the left than the right," and that "his entire right leg has diminished light touch and pin prick sensation." J/A at 100, 101. Other doctors, without full objective analysis and study perhaps, found claimant totally disabled based on physical (not emotional) examinations.
 
 
 10
 This record in its entirety does not give substantial support in my view that Koulizos is able to return to a job that clearly does involve some twisting and bending in getting in or out of cars several hundred times a day, especially with an atropied left arm, and in walking considerable distances over the course of a day in what is at times a job demanding speedy deliveries under some pressure. There is a serious question as to whether such a job is available to Koulizos, and a more serious question about his physical, not to mention his emotional, ability to handle such a job with its physical demands.
 
 
 11
 Perhaps claimant could do light or sedentary work, but we cannot speculate about this since this was not the basis of the decision denying the disability claim. I would reverse and remand for further proceedings to the Secretary under the circumstances of this record.