810 F.2d 199
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Willie C. BROWN, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 86-3418.
 United States Court of Appeals, Sixth Circuit.
 Nov. 19, 1986.
 
 Before KEITH, GUY and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 The plaintiff appeals the summary judgment affirming the Secretary's denial of social security disability and supplemental security income benefits. Pursuant to 42 U.S.C. § 405(g), he now moves for a remand of his claim to the Secretary for consideration of a new medical report.
 
 
 2
 This Court may remand a claim to the Secretary under § 405(g) only if the movant shows (1) the new evidence is material, and (2) there is good cause for the evidence not having been offered during the administrative proceedings. Willis v. Secretary, 727 F.2d 551, 554 (6th Cir.1984) (per curiam ).
 
 
 3
 In this case, the plaintiff claimed he was unable to work because of disabling back problems and accompanying pain. The administrative law judge found evidence of a severe impairment, but concluded the plaintiff could still perform light work and was therefore not disabled under the applicable guidelines. In reaching that conclusion, the administrative law judge found the plaintiff's testimony as to pain "not fully credible" and not supported by objective medical evidence. Upon review, both the magistrate and the district court likewise discredited the testimony as to pain, particularly in light of the fact the plaintiff had worked several years with the back problem and the evidence failed to show any basis for a change in that condition.
 
 
 4
 The basis for the present motion is a medical report resulting from a July, 1986, examination of the plaintiff. The report reaffirmed the existence of the back problem. A bone marrow biopsy, moreover, revealed metastatic poorly differentiated carcinoma in a bone marrow sample from the spine. We therefore conclude the report meets the standards under § 405(g) and requires a remand to the Secretary for consideration thereof. See Wilson v. Secretary, 733 F.2d 1181 (6th Cir.1984).
 
 
 5
 It is ORDERED that the motion to remand be and it hereby is granted. The district court's judgment of April 15, 1986, is hereby vacated and this case is remanded to the district court with directions it be remanded to the Secretary for further proceedings. This order shall have no effect upon the appeal in Case No. 86-3372 which was consolidated with this appeal for purposes of briefing and oral argument.