**Madelyn C. GEIGLE, Appellant,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Appellee.**

**No. 91–2852.**

United States Court of Appeals, Eighth Circuit.

Submitted March 10, 1992.

Decided April 23, 1992.

James D. Leach, Rapid City, S.D., argued, for appellant.

Deana R. Ertl–Lombardi, Denver, Colo., argued (Robert A. Mandel, Rapid City, S.D. and Thomas A. Nelson, Jr., Denver, Colo., on the brief), for appellee.

Before McMILLIAN and HANSEN, Circuit Judges, and VAN SICKLE,* Senior District Judge.

---

* The Honorable Bruce M. Van Sickle, Senior United States District Judge for the District of North Dakota, sitting by designation.

McMILLIAN, Circuit Judge.

Madelyn C. Geigle appeals from a final order entered in the United States District Court for the District of South Dakota affirming the decision of the Secretary of Health and Human Services ("the Secretary") denying her applications for Supplemental Security Income, disability insurance benefits, and Child's Insurance Benefits under the Social Security Act, 42 U.S.C. §§ 301–1397f. Geigle advances several arguments for reversal, including that the district court erred in (1) finding that there was substantial evidence in the record to support the ALJ's finding of non-disability; (2) finding that the hypothetical questions posed by the ALJ to the vocational expert precisely set forth her impairments; (3) denying her disability insurance benefits and Child's Insurance Benefits on grounds that she was not disabled at the relevant times; and (4) failing to remand her case to the ALJ in light of new material evidence which became available after the administrative hearing. For the reasons discussed below, we reverse the order of the district court on grounds that the district court abused its discretion in failing to remand the case to the ALJ in light of new material evidence. We remand the case to the district court with directions. We do not reach the remaining issues raised on appeal.

Geigle, age 40, is a high school graduate. She has never been able to hold a steady job for more than two and a half months. She alleges that her inability to work results from numerous physical and mental impairments. Geigle initially applied for disability benefits in 1989. Because Geigle had never engaged in substantial gainful employment, the Secretary had the burden of proving that there are jobs in the nation-al economy, existing in significant numbers, which Geigle could perform consistent with her age, education, and work experience. Following an evidentiary hearing on January 30, 1990, the ALJ concluded that such jobs exist, based upon his determination of the extent of Geigle's mental and physical impairments,[1] and the testimony of a vocational expert in response to questions posed by the ALJ. Accordingly, the ALJ concluded that Geigle was not disabled.

The Secretary adopted the ALJ's findings of fact and conclusions of law. Geigle sought review in the district court. On cross-motions for summary judgment brought by the Secretary and Geigle, the district court held that the findings of the ALJ were supported by substantial evidence in the record and, thus, affirmed Secretary's decision. *Geigle v. Sullivan,* No. CIV 91–5002 (D.S.D. Aug. 1, 1991) (Memorandum Opinion and Order). This appeal followed.

Geigle argues, among other things, that the district court erred in refusing to remand her case to the Secretary on the basis of material new evidence which did not become available to her until after the administrative hearing. Geigle relies on 42 U.S.C. § 405(g), which states:

The court ... may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; ....

The new material evidence at issue in this case is a report by Dr. Robert C. Finley, Geigle's treating neurologist, which contains the results of a Magnetic Resonance Imaging (MRI) test which Dr. Finley ordered in May 1990. These MRI test results apparently show that Geigle has a herniated disc at the C5–6 interspace.

1. The ALJ made the following findings as to Geigle's impairments:

The claimant has medically determinable impairments relating to the residuals of a congenital defect in the low back followed by a laminectomy, recurrent ankle sprains, the re-siduals of a fracture of the left wrist and a fracture of the left arm, a history of at least one episode of major depression, a personality disorder and dysthemia [mild depression]....

Slip op. at 13.

The MRI results provide objective medical support for Geigle's subjective complaints of headaches, neck pain, and problems with her right arm and hand, including numbness, pain, and loss of motor control—all of which the ALJ rejected as nonexistent. Without objective medical support, the ALJ found Geigle's complaints of these headaches and related impairments noncredible. Accordingly, he did not include any of them in his hypothetical questions to the vocational expert.

Relying on a Ninth Circuit opinion, *Sanchez v. Secretary of Health & Human Services*, 812 F.2d 509, 512 (9th Cir.1987), the district court refused to remand this case to the Secretary under § 405(g) on grounds that "[t]his evidence indicates a deterioration in her condition, rather than evidence of her condition at the time of the hearing." Slip op. at 21. Thus, the district court concluded that the proper remedy for Geigle would be to file a new application for benefits. *Id.*

We disagree with the district court. The MRI test results clearly are new because they were not available until after the administrative hearing. They clearly are material because they provide medically objective support for Geigle's subjective complaints of headaches and related impairments. Moreover, Geigle demonstrated good cause for the failure to produce the MRI results at the administrative hearing. Geigle's attorney stated by declaration filed with the district court that he did not receive this evidence until after the Appeals Council denied review. *Compare Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir.1991) (fact that records did not exist at time of hearing is cause for failure to include them in administrative proceedings). Finally, the MRI results are not merely evidence of Geigle's deteriorating condition. They are probative of her condition prior to and at the time of the hearing. The evidence in the record shows that Geigle had been seeking medical treatment for these symptoms periodically since January 1988. Dr. Finley's notes from Geigle's first office visit in January 1988 state that Geigle claimed at that time that she had been experiencing these symptoms for approximately three years.

We hold that the district court abused its discretion in failing to remand this case to the Secretary for reconsideration on the basis of new material evidence. The judgment of the district court is therefore reversed and the case remanded. Consistent with the requirements of § 405(g), the district court shall order the Secretary to reconsider this case in light of the additional evidence contained in Dr. Finley's reports from Geigle's MRI tests.