**Donald BILODEAU, Plaintiff,**

v.

**Donna SHALALA, Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 92–CV–40061.**

United States District Court, D. Massachusetts.

June 24, 1994.

Robert J. Marquis, Ellis & Ellis, Worcester, MA, for plaintiff.

Charlene A. Stawicki, U.S. Attorney's Office, Boston, MA, for defendant.

## MEMORANDUM AND ORDER

GORTON, District Judge.

Pending before this Court is plaintiff's motion to remand this action to the Secretary of Health and Human Services ("the Secre-

tary") for further administrative proceedings and reconsideration of its final decision in light of new evidence.

Donald Bilodeau ("Bilodeau") filed an application for disability insurance benefits on December 11, 1989. He claimed to have been disabled since December 4, 1988 due to a neck injury. This application was denied initially on April 3, 1990, and twice on reconsideration, May 4 and September 14, 1990. As such, Bilodeau requested a hearing before an Administrative Law Judge ("ALJ") who, on April 22, 1991, once again denied the requested disability benefits. Bilodeau's request for review was denied on March 16, 1992, thereby rendering the ALJ's decision the final decision of the Secretary. *See, Da Rosa v. Secretary of Health and Human Services,* 803 F.2d 24, 25 (1st Cir.1986).

Pursuant to 42 U.S.C. § 405(g), Bilodeau seeks review of the Secretary's final decision in this Court. Based upon newly discovered evidence which Bilodeau asserts is material to the Secretary's decision, Bilodeau has requested that this Court remand this action to the Secretary. The Secretary opposes that motion and requests that this Court enter an order affirming the Secretary's final decision. Because this Court finds 1) that the new evidence is material and 2) that Bilodeau had good cause for failing to provide it at earlier proceedings, Bilodeau's motion for remand will be allowed.

## I. FACTUAL FOUNDATION

At the time of the hearing before the ALJ, Bilodeau was forty years of age. He had a high school education, and prior work experience as a masonry worker, a carpenter, a heavy equipment operator and an underground cable installer.

On December 4, 1988, Bilodeau injured his right shoulder and neck when he was caught by a cable being pulled by a winch truck. By the time of the ALJ hearing, Bilodeau had been examined by numerous doctors and, in July 1989, had undergone surgery to excise a herniated disc to relieve his pain. Despite this surgery, Bilodeau still complained in March 1990 of, among other maladies, weakness of his right arm and right shoulder stiffness and pain with any movement at all.

The only objective medical findings available to the ALJ to substantiate Bilodeau's claims of pain were 1) signs of cervical and right shoulder strain, 2) the excised, herniated cervical disc and 3) mild carpal tunnel syndrome.

In making his decision, the ALJ took into account the relatively sparse objective evidence, the absence of signs of muscle atrophy due to disuse and Bilodeau's described ability to perform daily activities. He found that while maladies were capable of causing discomfort, the objective clinical evidence was insufficient to support Bilodeau's assertions of pain, which the ALJ concluded were not credible. Bilodeau was denied disability benefits.

In October 1991, approximately six months after the hearing before the ALJ, Bilodeau sought the care of Dr. A. Jerome Philbin. Upon physical examination and evaluation of plaintiff's complaints of pain, Dr. Philbin recommended that a Magnetic Resonance Imaging study ("MRI") of Bilodeau's right shoulder be performed. That study was performed on October, 1991, and revealed a partially torn rotator cuff.

## II. ANALYSIS

### A. *The Standard for Remand*

There are two statutory requirements for remand of an action to review a final decision of the Secretary in light of additional evidence. The evidence must be new and material, and there must be good cause for failing to include this new evidence in prior proceedings. 42 U.S.C. § 405(g). For evidence to be considered material, it must permit the conclusion that the Secretary's final decision might reasonably have been different had the evidence been present at the time of decision. *Falu v. Secretary of Health and Human Services,* 703 F.2d 24, 27 (1st Cir.1983). Further, for remand to be appropriate, the evidence must be 1) necessary to fully develop the facts of the case, 2) non-cumulative and 3) essential to a fair hearing. *Evangelista v. Secretary of Health and Human Services,* 826 F.2d 136, 139 (1st Cir.1987). With respect to the second requirement, to wit, that there was good cause

for not including the evidence, it is sufficient if the evidence proffered by plaintiff was unavailable at the time of the Secretary's administrative proceedings. *Geigle v. Sullivan*, 961 F.2d 1395 (8th Cir.1992); *Wilson v. Secretary of Health and Human Services*, 733 F.2d 1181, 1182 (6th Cir.1984); *Ward v. Schweiker*, 686 F.2d 762, 764 (9th Cir.1982).

■ Finally, the burden is upon the party seeking remand to produce the new evidence or at least to show the nature of the evidence to the Court. *Falu v. Secretary of Health and Human Services*, 703 F.2d at 27.

B. *Applying the Standard*

■ The role of the ALJ is to assess the functional limitations experienced by the claimant in order to determine whether he is disabled. Given the information and evidence available at the time of the hearing at issue, the ALJ properly performed this role. However, at present, Bilodeau proffers additional evidence which was not available and therefore, could not have been considered at the time of the hearing. This Court must, therefore, determine whether that evidence could reasonably have made a difference in the ALJ's findings.

■ A significant portion of Bilodeau's claimed disability consisted of his allegations of pain. For disability to be based upon the functional limitation of pain, there must be some objective medical findings which demonstrate the existence of a condition which reasonably could be expected to produce such symptoms. *Avery v. Secretary of Health and Human Services*, 797 F.2d 19, 27 (1st Cir.1986); 20 C.F.R. § 404.1529. The only such objective evidence before the ALJ which could substantiate the allegations was an indication of right shoulder strain, and accordingly, the ALJ concluded that plaintiff's claims of pain were not credible.

Plaintiff's new evidence, the results of an MRI, indicate that he had sustained a partially torn rotator cuff. It is not for this Court to determine the extent of pain consistent with a strained right shoulder as compared with the pain consistent with a partially torn rotator cuff. Such an evaluation falls within the province of the Secretary's admin-istrative proceedings. The new evidence is non-cumulative and is necessary to develop the complete factual background of the case. Furthermore, as Bilodeau's complaints of pain were a substantial part of his claimed disability, a thorough and complete evaluation of these complaints is necessary for a fair hearing. The introduction of this new evidence into the equation may lead to different conclusions as to the credibility of Bilodeau's allegations of pain. As such, this Court finds that the new evidence submitted by Bilodeau is material.

■ The issue of whether Bilodeau has demonstrated good cause for failing to produce the new evidence at the time of the Secretary's administrative proceedings is not in dispute. The results of the MRI performed on Bilodeau's right shoulder were not available until roughly six months after the decision of the ALJ and after Bilodeau had already requested a review. Moreover, Bilodeau attempted to submit this new evidence to the Appeals Council during its deliberations. The Appeals Council, however, only accepts new evidence included with the request for review, and, in this case, Bilodeau's first examination by Dr. Philbin was three days after he requested review of the ALJ's decision. It was therefore impossible for him to include the new evidence in his request for review. The Appeals Council subsequently affirmed the ALJ without considering the new evidence.

### ORDER

For the foregoing reasons, this Court finds that the new evidence submitted by plaintiff is material and that plaintiff had good cause for failing to include it at the time of the administrative proceedings. Accordingly, pursuant to 42 U.S.C. § 405(g), this action is **REMANDED** to the Secretary for further administrative proceedings.

So Ordered.