_____

No. 95-2889
_____

Inez One Star,                        *
                                      *
          Appellant,                  *
                                      *
     v.                               *  Appeal from the United States
                                      *  District Court for the
Shirley S. Chater, in her             *  District of South Dakota.
capacity as Commissioner of           *
Social Security Administration,       *       [UNPUBLISHED]
                                      *
          Appellee.                   *


                         _____

            Submitted:  February 29, 1996

               Filed:  March 5, 1996
                         _____

Before McMILLIAN, WOLLMAN, and MURPHY, Circuit Judges.
                         _____

PER CURIAM.

     Inez One Star appeals from the district court's[1] order affirming the
decision of the Commissioner to deny One Star supplemental security income
(SSI), and denying her motion to remand the case to the Commissioner.  We
affirm.

     One Star, a Native American, applied for SSI benefits in December
1992, alleging disability due to diabetes, high blood pressure, vision
problems, and arthritis.  After her application was denied initially and
upon reconsideration, One Star requested and received a hearing before an
Administrative Law Judge (ALJ).  The ALJ denied benefits and the Appeals
Council denied review.

_____

     [1]The Honorable John B. Jones, United States District Judge for
the District of South Dakota.

One Star was born November 25, 1939, had completed her high school equivalency degree, and previously worked for two years as a teacher's aide teaching Indian language to small children, and for two years as a maid in a domestic abuse shelter. One Star stated she had cataract surgery in her left eye, but still had problems with blurring, tearing, and headaches. She could no longer sew or do bead work. She had a dull pain in her elbows, wrists, and fingers. One Star stated she was an insulin-dependent diabetic, and she took medication to control her high blood pressure. Her lower back hurt from arthritis, and her hip at times felt numb after sitting for more than one hour in an automobile. Her back hurt after she sat for one and one-half hours and after she walked for one hour.

Consultative doctor Melanie Schramm, D.O., found One Star's joint pain, diabetes, and hypertension were controlled with medication. Schramm stated One Star denied any back pain, had a full range of motion in both upper and lower extremities, a slight increase in thoracic kyphosis (curvature of spine), and would not be limited in her ability to stand, sit, stoop, crawl, or carry. A radiology report from a July 1993 CT scan showed relatively mild degenerative changes in the facet joints at the L4-5 level.

The ALJ concluded One Star's residual functional capacity permitted her to return to her past relevant work as a teacher's aide. The ALJ, noting the consultative report and One Star's testimony, indicated she had the physical residual functional capacity to perform a wide range of light work. The ALJ concluded a Teacher Aide II (Dictionary of Occupational Titles 249.367-074) was a light exertional, semi-skilled job, which One Star could perform as that job is generally performed in the national economy and/or as described by her. The ALJ also noted that One Star's visual acuity was correctable to at least 20/30 (a level of function consistent with reading). One Star sought judicial review.

One Star submitted in the district court a motion to remand in light of a neurological examination, which concluded that Inez had chronic low back pain with degenerative disease seen on MRI scanning, that little could be done medically, and that it was "obvious" One Star was disabled because she could not sit for any great length of time or do heavy work.

The district court, concluding the substance of the neurological report was neither new nor material, denied One Star's motion to remand. The district court granted summary judgment to the Commissioner, concluding that substantial evidence existed in the record as a whole to support the Commissioner's findings.

Our task on review is to determine whether substantial evidence in the record as a whole supports the Commissioner's denial of benefits. See Kirby v. Sullivan, 923 F.2d 1323, 1326 (8th Cir. 1991). One Star bore the burden of proving at the administrative hearing that she suffered from a medically determinable impairment or impairments which precluded the performance of her past relevant work. See id. Upon our review of the record, we conclude there is substantial evidence in the record as a whole to support the ALJ's conclusion that One Star was able to perform her past relevant work as a teacher's aide. All of the medical opinions, including the reports One Star sought to add to the record, stated only that One Star could not perform heavy work and could not sit for "any great length of time." This is not inconsistent with the ability to perform light work. See 20 C.F.R. § 416.967(b).

One Star contends the ALJ failed to compare the physical and mental demands of her past relevant work with what she is currently capable of doing. See Kirby, 923 F.2d at 1326. The regulations provide, however, that the ALJ may find the claimant able to perform past relevant work if the claimant retains the ability to perform the "functional demands and job duties of the occupation as

generally required by employers throughout the national economy."  See Martin v. Sullivan, 901 F.2d 650, 653 (8th Cir. 1990) (quoting Social Security Ruling 82-61); 20 C.F.R. § 416.920(e).  We believe the job description of Teacher Aide II sufficiently includes all the functions of One Star's actual job.  Cf. Evans v. Shalala, 21 F.3d 832, 834 (8th Cir. 1994).

The ALJ discounted One Star's complaints of back pain.  Based on One Star's daily activities, her admission as to the effectiveness of pain medication, and the lack of objective medical evidence supporting the extent of her back pain, that the ALJ properly discredited One Star's allegations of disabling pain.

One Star argues that, under Geigle v. Sullivan, 961 F.2d 1395, 1397 (8th Cir. 1992), the district court abused its discretion in failing to remand the case to the Commissioner on the basis of new and material MRI test results.  One Star argues, as in Geigle, the MRI test results provided objective medical support for her complaints.  Although the medical report, written seven months after the ALJ's decision, stated One Star had "chronic back pain with degenerative disease," such a conclusion was not wholly absent in the record.  Cf. id. at 1397.  The CT scan showed some degenerative changes.  To the extent the MRI results show progressive deterioration, One Star may file a new application for benefits.

Accordingly, we affirm the judgment of the district court.

A true copy.

        Attest:


            CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-